Mary Jane SOLIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 66494.

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 4, 1981.

Jim Pete Hale, Brownfield, for appellant.

Warren G. Tabor, Asst. Dist. Atty., Levelland, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from the trial court's order revoking probation. Punishment was assessed at two years for the primary offense of forgery by passing.

Appellant in her sole ground of error contends that the trial court erred in revoking her probation since the State did not prove its allegations in the motion to revoke by a preponderance of the evidence. The State alleged that appellant violated the terms of her probation by committing the offense of forgery by passing and the trial court so found. The State presented two witnesses at the revocation hearing to prove the allegation.

K. K. Smith testified that appellant presented a $50.00 check to her while she was employed as a cashier at a local convenience store. With the check appellant purchased goods totaling $1.75. She received the balance of the check in cash. Smith testified that she did not ask appellant for identification even though she did not know appellant at the time. There was no evidence that appellant identified herself in any manner. Smith cashed the check because she "knew" the purported maker of the check, W. Maynard.

Maynard testified that the check in question was her personalized check but that she did not write or authorize it. She also stated that she did not know appellant.

The check in question had listed as its payee "Yolanda Gutierez." The purported maker listed on Maynard's personal check was "Wilma Maynard." The check was endorsed "Yolanda Gutierez." There was no evidence that the check was indorsed in the presence of the cashier, Smith.

The essence of appellant's contention is that the State failed to prove a necessary

element of this forgery offense, namely, an intent to defraud or harm another. See V.T.C.A., Penal Code Sec. 32.21(b). Even applying the preponderance of the evidence standard applicable to revocation of probation matters under *Scamardo v. State*, Tex. Cr.App., 517 S.W.2d 293, we find that we must sustain this contention.

Under Sec. 32.21(b), supra, an offense is committed if one forges a writing with intent to defraud or harm another. A *necessary* element of this offense is that an accused have the intent to defraud or harm another. The State may prove this element directly or circumstantially. See *Stuebgen v. State*, Tex.Cr.App., 547 S.W.2d 29, 31. In the case at bar the State merely proved that appellant passed an instrument which had been forged. There was no evidence circumstantial or otherwise tending to establish appellant's knowledge that the instrument was forged or that she passed it with the intent to defraud or harm. See *Pfleging v. State*, Tex.Cr.App., 572 S.W.2d 517, 520; *Stuebgen v. State*, supra.

The State misplaces its reliance on *Madeley v. State*, 165 Tex.Cr.R. 83, 303 S.W.2d 798, 799 to support the proposition that one who has a forged check in his possession and attempts to pass it commits the offense of forgery. As we stated in *Stuebgen*, our former statute (under which *Madeley* was decided) did not denominate the culpable mental state to be "intent to defraud or harm" as does our current statute. Hence *Madeley* is not applicable to the case at bar. Furthermore, in the case before us there was no evidence that appellant cashed the check and endorsed her name thereon with an incorrect address. See *Castanuela v. State*, Tex.Cr.App., 435 S.W.2d 146. Neither was there evidence that appellant made false representations to the cashier concerning the maker or the origin of the check. See *Colburn v. State*, Tex.Cr.App., 501 S.W.2d 680; *Phillips v. State*, Tex.Cr. App., 488 S.W.2d 97; *Hilton v. State*, Tex. Cr.App., 443 S.W.2d 843. In fact the evidence established that the cashier negotiated the check without requiring identification from appellant since the cashier

"knew" the purported maker of the check. Appellant was not the named payee, nor was it shown that she represented herself to be the payee.

The State was bound by its allegation in its motion to revoke probation to prove that appellant committed the offense of forgery by passing. By failing to present any evidence regarding appellant's culpable mental state it did not sustain its burden. The trial court, therefore, abused its discretion in revoking appellant's probation for this alleged violation of the terms of her probation.

The order revoking probation is set aside and the cause is remanded.