David Wayne LOSSMAN, Appellant,

v.

STATE of Texas, State.

No. 2–83–064–CR.

Court of Appeals of Texas,
Fort Worth.

April 5, 1984.

Jerry W. Woodlock, Gainesville, for appellant.

Brock Smith, Dist. Atty., Decatur, for the State.

Before JORDAN, BURDOCK and JOE SPURLOCK, II, JJ.

## OPINION

JORDAN, Justice.

This is an appeal from an order of the trial court revoking appellant's probation. The trial court's order was entered upon its finding that appellant had, as alleged by the State, violated the terms of his probation by committing the offense of forgery by passing. Punishment was assessed at three years imprisonment for the original offense of unauthorized use of a motor vehicle.

In two grounds of error, appellant complains of allegedly fatal variances between the State's allegations in the motion to revoke probation and the proof offered at the hearing on the motion. In a third ground of error, appellant asserts that the trial court abused its discretion in revoking his probation as there was no evidence of a requisite element of the offense of forgery, to-wit: intent to defraud or harm another.

We affirm.

The third ground of error, in essence, challenges the sufficiency of the evidence to sustain the trial court's order and, therefore, a brief statement of the evidence is necessary. Alfred Doyle, manager of the Diamond Supermarket in Azle, Texas, testified that appellant, a former employee of the store, came into the store on July 20, 1982, and asked if the store would cash a check for him. When Doyle inquired as to the amount of the check, appellant equivocated before replying that the check was in the amount of $150.00. Doyle advised him that the check would be cashed if appellant made a purchase. Appellant then purchased approximately $30.00 worth of groceries and presented the cashier with a $200.00 check in payment.

The check was pre-printed with the names and address of "J.O. or Betty J. Taylor" and was made payable to the order

of appellant. The purported drawer of the check was "Betty J. Tayler" [sic]. An eight-digit number (presumably, a driver's license number) had been written in the upper right-hand corner of the face of the check and appellant's name, along with an address, appeared on the back of the check when it was presented. The cashier took the check to Doyle for approval and, after having obtained same, accepted the check in payment and gave appellant approximately $170.00 in change.

Betty J. Taylor testified that appellant had stayed in her home over the weekend of July 4, 1982. When she later received her bank statement, she discovered a book of checks missing. This book included the check in question passed by appellant. Mrs. Taylor denied that the signature on the check was hers and denied that she had authorized appellant to write the check.

Appellant did not testify at the hearing nor was any defensive testimony offered in his behalf.

In a probation revocation proceeding, the State must prove the alleged violation(s) by a preponderance of the evidence. *Anderson v. State*, 621 S.W.2d 805, 808 (Tex.Cr.App.1981). The violation alleged in the instant case was forgery by passing under TEX.PENAL CODE ANN. sec. 32.-21(b) (Vernon 1974). To prove the offense of passing a forged instrument, it is necessary to prove that the defendant acted with the intent to defraud or harm another, which necessarily requires proof of knowledge on his part that the instrument passed was forged. *Anderson, supra.* The State may establish such knowledge by circumstantial evidence. *See Pfleging v. State*, 572 S.W.2d 517, 519 (Tex.Cr.App.1978) and cases cited therein.

It is not disputed that appellant passed the instrument and that the instrument was forged. Appellant contends, however, that under *Solis v. State*, 611 S.W.2d 433 (Tex.Cr.App.1981), the evidence set out above is insufficient to establish knowledge on his part that the check was forged. In *Solis*, the probationer passed a check showing as payee, "Yolanda Gutierez" and as drawer, "Wilma Maynard". The name "Yolanda Gutierez" appeared on the back of the check when it was presented. The purported drawer of the check, Maynard, testified that she did not write or authorize the check. The Court of Criminal Appeals held that there was no evidence tending to establish knowledge on Solis' part that the instrument when passed was forged. The Court specifically noted the absence of evidence that Solis had made any false representations concerning the drawer or origin of the check or that Solis had falsely represented herself to be the named payee.

In the case before us, appellant argues that the absence of such evidence mandates a reversal of the trial court's order revoking probation. We disagree. In appellant's case, unlike *Solis*, appellant was the named payee of the instrument and therefore, the lack of evidence that he falsely represented himself to be the payee cannot be considered controlling. While evidence of false representations by appellant regarding the drawer or origin of the check would authorize an inference that he knew the check was forged, *Colburn v. State*, 501 S.W.2d 680, 682 (Tex.Cr.App.1973), we do not believe that the absence of such evidence necessarily indicates a failure by the State to prove the requisite culpable mental state.

The State has established the following facts and circumstances:

1) Appellant had access to the check in question at a time prior to his presentation of the check.

2) Taylor discovered a book of checks (containing the check passed by appellant) missing after appellant stayed in her home.

3) Taylor did not write or sign the check passed by appellant.

4) When appellant approached Doyle about cashing the check, appellant equivocated before stating the amount of the check.

5) The check presented by appellant to the cashier was in a different amount than that quoted to Doyle.

6) The purported drawer's name, Betty J. Taylor, was misspelled on the check presented by appellant.

The evidence summarized above, particularly, the evidence of appellant's equivocation regarding the amount of the check and the misspelling of the purported drawer's name, whose name appellant would have known, was sufficient to warrant an inference that appellant knew the instrument he passed was forged. In light of the fact that there was sufficient evidence to preponderate in favor of a finding of the requisite elements of the offense of forgery by passing, there was no abuse of discretion in revoking appellant's probation.

Appellant's third ground of error is overruled.

In his first two grounds of error, appellant contends that fatal variances exist between the State's pleadings in the motion to revoke and the proof adduced at the hearing in that 1) the State alleged that the check was passed to Diamond Food Store and proved only that it was passed to a cashier, and 2) the State alleged that the check was passed to Diamond Food Store and proved that it was passed to the cashier as an agent and employee of Diamond *Supermarket.*

Where, as here, the State alleges the violation of a condition requiring the probationer to refrain from violating the law, it is not necessary that such an allegation be stated with the precision necessary in an indictment allegation. It is sufficient that a violation of the law be alleged and that fair notice be given to the probationer. *Bradley v. State,* 608 S.W.2d 652, 655 (Tex. Cr.App.1980). The thrust of appellant's complaint appears to be that the State's proof showed only that the check was passed to an employee of "Diamonds" or "Diamond Supermarket" and not, as alleged, to "Diamond Food Store". However, neither at the hearing nor on appeal does appellant contend that he was deprived of fair notice or prejudiced or misled

by this variance in the pleadings and the proof. In light of the rule enunciated in *Bradley, supra,* and the lack of a showing of any harm or prejudice to appellant due to the variance between the pleadings and the proof, there was no abuse of discretion in revoking appellant's probation. *See Davila v. State,* 547 S.W.2d 606, 610 (Tex. Cr.App.1977).

Appellant's first and second ground of error are overruled.

The order of the trial court revoking appellant's probation is affirmed.