**Billy Ray BURKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–89–0261–CR.**

Court of Appeals of Texas,
Amarillo.

Sept. 19, 1990.

Rehearing Overruled Oct. 15, 1990.

J. Pink Dickens, Plainview, for appellant.

Becky McPherson, Dist. Atty., Floydada, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

A jury found appellant Billy Ray Burks guilty of the offense of forgery and, after appellant pleaded true to two enhancement allegations, assessed his punishment at confinement for 50 years in the Texas Department of Corrections, Institutional Division. By one denominated point, he charges the trial court with error in that it

(a) excluded evidence of the illegal nature of the transaction involved, and (b) refused to submit his requested jury instruction predicating a guilty verdict upon a finding of intent to defraud a party other than the complaining witness or his agents. We will overrule the point and affirm.

Upon trial, the State adduced evidence that appellant gave an endorsed check, payable to himself and purporting to be drawn on the account of a third party, to Mrs. Ramos with the understanding that she and her husband, Joe Ramos, would cash it, keep $70.00, of which $50.00 was in repayment of some loans, and return the remainder to him. When the local supermarket refused to cash the check, Mrs. Ramos tried to cash it at the bank. The bank notified the police of her attempts to cash what appeared to be a bad check. Investigation and the consequent prosecution ensued.

In his handwritten statement admitted into evidence, appellant confessed to having written the check, but maintained he gave it to a friend of his to give to Joe Ramos as security in a drug transaction to be held until they paid him the next day. The trial court refused to allow testimony "as to people that come and go [to and from the Ramos residence], or any evidence of a profile for a place that sells illegal narcotics."

Appellant's theory of the law is that since the sale of cocaine is an illegal transaction, he could not, as a matter of law, intend to defraud or harm Ramos. If appellant's theory is correct, the excluded evidence related to a defense which he had a substantial right to present. The record contains an informal offer of proof that complies with Texas Rules of Criminal Evidence 103(a)(2) and Texas Rules of Appellate Procedure 52 by stating the substance of the testimony and its relevance, as well as showing the State's objection to its relevance and the trial court's ruling in sustension of that objection. Therefore, this subpoint was adequately preserved for review.

■ One of the essential elements of forgery is that the act be done with intent to defraud or harm another. Tex.Penal Code § 32.21(b) (Vernon 1989). Appellant contends that the element of intent to defraud or harm the complaining witness is negated, as a matter of law, by a showing that the forged check was consideration in an illegal transaction. Therefore, he submits, unless the State has proven an intent to defraud someone other than Ramos or his agents, the required intent is not present.

In this regard, appellant points to the refusal of the civil courts to enforce illegal contracts. He argues that the civil law would find no intent to defraud between him and Ramos and that, in the absence of a controlling definition of the required intent in the Texas Penal Code, the criminal law must incorporate this reasoning. We cannot agree.

■ The elements of an offense are always material issues in a criminal prosecution. *Soffar v. State,* 742 S.W.2d 371, 377 (Tex.Cr.App.1987), *cert. denied,* —— U.S. ——, 110 S.Ct. 257, 107 L.Ed.2d 206 (1989). If the evidence proffered tended to demonstrate a fact helpful in the determination of the existence of the required intent, that evidence was admissible and its exclusion, if not justified by other consideration, was error. Tex.R.Crim.Evid. 401, 402, and 403.

■ Admittedly, Texas courts have adopted the general rule that illegal contracts are void and unenforceable. *Paragon Oil Syndicate v. Rhoades Drilling Co.,* 115 Tex. 149, 277 S.W. 1036, 1037 (1925). However, upon analysis, the rule does not spring from a failure to find intent by the parties, but from an unwillingness to afford the matter an initial examination. This unwillingness flows from the failure of the illegal contract to confer upon the parties rights to be examined and determined by a court, *id.,* and from a refusal to aid a plaintiff who stands *in pari delicto* with the defendant. *Ewell v. Daggs,* 108 U.S. 143, 411–413, 2 S.Ct. 408, 147–150, 27 L.Ed. 682, 684 (1883).

These considerations do not exist to foreclose examination in a criminal action. A criminal action is instituted to secure conviction and punishment for crime, *Scott v.*

*State,* 86 Tex. 321, 24 S.W. 789, 789 (1894), not to adjudicate the private rights or redress the private wrongs settled in civil suits. *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935, 937 (1958). The wrong addressed at this criminal trial was not the violation of nonexistent private rights founded upon a void contract, but an injury inflicted on the public at large. 22 C.J.S. Criminal Law § 3 (1989); 21 Am.Jur.2d Criminal Law § 1 (1981).

A crime constitutes an offense against the sovereign. *Id.* For that reason, a criminal action is pursued under the authority and in the name of the State. *See* Code of Crim. Proc. Ann. art. 3.02 (Vernon 1977). There is no allegation that the State was involved in the commission of this offense; therefore, the State cannot be said to stand in equal fault with the defendant.

It follows that appellant's theory of the law is incorrect. Proof of the existence of an illegal transaction that is incidental to the offense charged would neither foreclose the court's examination of the offense, nor negate the element of intent to defraud or harm the complaining witness. Thus, no evidence appellant could have adduced in this connection would have been relevant to the issues at trial.

Consequently, the trial court's refusal to admit the excluded evidence was not error. Likewise, the court's refusal to submit the requested jury instruction was not error. *Turpin v. State,* 606 S.W.2d 907, 913 (Tex. Cr.App.1980). Appellant's point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.