Samuel Wilbert **MASON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–90–00682–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 21, 1991.

Judy Guyon, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Linda West, Sharon Pruitt, Asst. Harris County Dist. Attys., for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

OPINION

COHEN, Justice.

A jury convicted appellant of forgery and assessed punishment of 25 years imprisonment.

In his sole point of error, appellant contends the evidence was insufficient to prove he intended to defraud or harm because it did not show he knew the money order he passed was forged.

In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234 (Tex.Crim.App. 1989).

Miss Tuet Boui testified she owned a supermarket that burned August 20, 1989. Looters stole everything left inside the store after the fire was extinguished. On or about August 29, Miss Boui was notified by the bank that some stolen money orders were being cashed. The money orders were kept in the back office of the supermarket, to which only Miss Boui had access. The last money order that Miss Boui sold was number 17,696. The money order appellant passed, number 20,904, was stolen from her store and was written on a closed account. Boui did not sign the money order or authorize anyone else to do so.

Ms. Tal Tron, a three-year employee and cashier of the Kempwood Bingo Parlor, testified that on September 25, 1989, appellant entered the Kempwood Bingo Parlor and presented a money order in the amount of $145.44. Appellant bought $24.00 worth of bingo cards and received the remaining $121.00 in cash. Tron did not require identification for the money order. Tron remembered the money order because it was the largest she had ever accepted, and it was returned two weeks later by the bank. She testified this was the largest amount of money the parlor had ever lost, and she got in trouble for accepting it.

Ms. Tron stated she could easily recall appellant because she found him to be extremely good looking and wished to set him up with her single co-worker, Linda Doos. Tron testified she and her co-worker "checked him out" all night as a dating prospect for Doos. This was the first and only time appellant had patronized the Kempwood Bingo Parlor. She testified appellant had a "very funny signature," and he did not fill in the blanks showing his name and address. Appellant was the first customer in the parlor that evening. Tron stated appellant was dressed sharply in all black, which contrasted greatly with all the other casually dressed bingo patrons. Tron and Linda Doos, the single co-worker, both commented on appellant's hair being very full in the front and "conked-up like James Brown's hair." Doos testified appellant's hair "seemed too perfect to be real."

On March 10 or 11, 1990, Tron observed appellant at the Foley Bingo Parlor, her weekend bingo job. Appellant was wearing a white jogging suit and a blue cap pulled down over his forehead. She recognized the face and build as the man who passed the returned money order in September. Linda Doos was playing bingo at this parlor, and Tron asked her if she knew "that guy standing up there?" Doos agreed it was the same man who had passed the bad money order. The two told the management, and appellant was arrested. Doos testified appellant's appearance had changed since September because his hair was full then and now he had a receding hairline. Tron testified that as the police handcuffed appellant, he stated the money order was not his, but he would pay for it if they let him go.

■ A person commits forgery if "he forges a writing with intent to defraud or harm another." TEX.PENAL CODE ANN. § 32.21(b) (Vernon 1974). Intent is an element of forgery which the State must prove. *Pfleging v. State*, 572 S.W.2d 517, 519 (Tex.Crim.App.1978). Intent may be proved by an accused's acts, words, and conduct. *Dues v. State*, 634 S.W.2d 304, 305 (Tex.Crim.App.1982).

■ Appellant relies on *Solis v. State*, 611 S.W.2d 433 (Tex.Crim.App.1981), and *Pfleging*. We find the evidence of intent here is stronger than in those cases. The only time appellant ever went to the Kempwood Bingo Parlor was on the night he passed a forged money order. He was the first customer to arrive. He left blank the spaces for name and address. When appellant passed this money order, he had a full head of hair that seemed unreal in its perfection. Less than six months later, appellant had a visibly receding hairline and a goatee he lacked on September 25, 1989. Instead of featuring his hair, appellant in March 1990 wore a cap pulled low over his forehead. When confronted by police with the money order, appellant denied passing it, but offered to pay for it if released. This remark is highly incriminating in light of Tron's testimony appellant gave her the money order directly on September 25.

These facts, taken together and viewed most favorably to the judgment, would warrant a rational jury in finding beyond a reasonable doubt that appellant knew the money order was forged and, therefore, passed it with intent to defraud. The many details describing appellant's conduct, although innocent in themselves, are consistent with guilty knowledge. When joined with appellant's denial of passing and his quick offer to pay what he claimed was someone else's bad check, the evidence was sufficient. *Compare Baker v. State*, 552 S.W.2d 818, 821 (Tex.Crim.App.1977).

Point of error one is overruled.

The judgment is affirmed.