IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-510-CR





THOMAS BUSTER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0923539, HONORABLE JON N. WISSER, JUDGE PRESIDING



 




 This appeal is taken from a conviction for forgery. After the jury found appellant
guilty, the trial court found as "true" the allegations of three prior felony convictions for
enhancement of punishment and assessed appellant's punishment at twenty-six years'
imprisonment.

 Appellant advances two points of error. First, he contends that the "trial court
erred in denying appellant's motion to severe [sic] at the conclusion of appellant's testimony." 
Second, appellant challenges the sufficiency of the evidence to sustain the conviction because the
State failed to prove a necessary element of forgery--the intent to defraud or harm another.

 Appellant initially argues that the trial court erred in failing to grant his motion to
sever after he testified. This point of error is somewhat difficult to understand. The trial court
granted appellant's motion to sever and appellant was accorded a separate trial on the joint
indictment against him and the co-defendant, Bobby Young. Apparently, appellant's complaint
is that the trial court did not grant the motion soon enough.

 Appellant filed a motion for severance alleging that his testimony and that of the
co-defendant would be in conflict and their defenses would be irreconcilable. See Tex. Code
Crim. Proc. Ann. art. 36.09 (West 1981). (1) The trial court agreed to hear "their" motion. At the
hearing, appellant simply testified that he was not involved in the alleged offense. His testimony
did not sustain the allegations of his motion. Nevertheless, at this point, appellant asked that his
motion be granted. The request was denied. Counsel for the co-defendant then called his client
to the witness stand. At the conclusion of the hearing, the trial court granted appellant's motion.

 For the first time on appeal, appellant urges that the trial court should have granted
the motion upon the mere representations of counsel that a joint trial would be prejudicial. In
order for an issue to be preserved on appeal, there must be a timely objection which specifically
states the legal basis for the objection. Tex. R. App. P. 52(a). An objection stating one legal
basis may not be used to support a different legal theory on appeal. Rezac v. State, 782 S.W.2d
869, 870 (Tex. Crim. App. 1990). Moreover, when severance is not mandatory, severance rests
within the sound discretion of the trial court. Haggerty v. State, 825 S.W.2d 545, 548 (Tex.
App.--Houston [1st Dist.] 1992, no pet.); Snow v. State, 721 S.W.2d 943, 945 (Tex.
App.--Houston [1st Dist.] 1986, no pet.).

 Here, both appellant and the co-defendant had admissible prior convictions and
were not entitled to a severance as a matter of right. The only other mandatory ground for
severance is if a joint trial would be prejudicial to one of the defendants. See Haggerty, 825
S.W.2d at 548. In addition to filing a timely motion for severance, a defendant must offer proof
in support of the grounds for severance. Saunders v. State, 572 S.W.2d 944, 948 (Tex. Crim.
App. 1978); Stakes v. State, 853 S.W.2d 227, 241 (Tex. App.--Tyler 1993, no pet.). Merely
alleging that prejudice will result is not evidence or a sufficient showing of prejudice under article
36.09, particularly when severance is discretionary with the court. Mulder v. State, 707 S.W.2d
908, 915 (Tex. Crim. App. 1986); Stokes, 853 S.W.2d at 241. Appellant, having obtained a
severance, is in no position to complain that the motion was not granted soon enough, given the
circumstances of the case. The three cases cited by appellant are clearly distinguishable on the
law and the facts. Point of error one is overruled.

 Next, appellant challenges the legal sufficiency of the evidence to sustain the
conviction, claiming only that the State failed to sufficiently prove the element of "intent to
defraud or harm another."

 Harold Gene McVay, a self-employed rancher, testified that on April 6, 1992, his
billfold was stolen from his pick-up in the Super S parking lot in Elgin. In the billfold was a $50
check payable to "Gene McVay" from the Bastrop County Livestock Commission Company. 
McVay related that his billfold also contained blank checks, credit cards, insurance cards, and his
social security card. A .22 caliber rifle and straw hat were also taken from the pick-up truck. 
The theft was reported to the police.

 McVay stated that he had been associated with the Elgin school system and knew
appellant and his family. He examined State's exhibit one (the check in question) and denied that
the endorsement on the check was his. McVay pointed out that he never used "Harold" when
signing his name. He did not give appellant permission to endorse the check he had received from
the commission company for hauling cattle.

 Janice Bennett and Robin McIntire, employees of the Check Express in Austin,
testified that on April 7, 1992, appellant and a shorter man (later referred to as Bobby Young)
came into their business establishment. The shorter man presented the check in question and the
social security card of Harold Gene McVay, and asked to cash the $50 check. The shorter man
stated that he had no other identification. When Bennett began filling out a customer card and
asking for information, she observed that both men appeared nervous, that the shorter man kept
looking to appellant when answering questions, and that appellant supplied the information as to
the shorter man's height. Bennett recalled that the shorter man kept referring to appellant as his
nephew. When the shorter man informed Bennett that he could not read or write and that he
normally used an "X" as his signature, Bennett conferred with McIntire, who then conversed with
both men. Bennett and McIntire both testified that appellant kept referring to the shorter man as
"Mr. McVay." McIntire related that appellant told her that when McVay signed with an "X,"
appellant then usually signed McVay's name for him. McIntire testified that the shorter man
endorsed the check with an "X" and appellant signed "Harold Gene McVay." The customer card
was signed in the same manner.

 Bennett and McIntire became suspicious. They telephoned the commission
company in Bastrop. They were told that Gene McVay had reported that the check had been
stolen and had asked for a stop payment order. The physical description of McVay that was given
clearly did not match that of either appellant or the shorter man. The police were called. 
Appellant was arrested just outside the Check Express office. Buddy Young, the co-defendant,
testified for the prosecution. He testified that he grew up in Elgin and knew appellant and the
Buster family; that appellant was a friend of his; and that appellant knew him as Buddy Young,
and not as Gene McVay. Young testified that he left school in the eighth grade, that he had been
in special education classes, that he could sign his name, but he could not read or otherwise write. 
The witness acknowledged that he was indicted for forgery in the instant case along with
appellant. (2)

 Austin police officers Raul Munguia and Dennis Farris testified that they responded
to a police dispatcher's call and arrested appellant and Bobby Young at the check cashing
establishment.

 Appellant offered no evidence when the State rested its case in chief. The trial
court charged on the law of parties and authorized the jury to convict appellant if it found beyond
a reasonable doubt that appellant "acting either alone or as a party with Bobby Young, as that
term is hereinbefore defined" committed the offense as set forth in the charge.

 Intent to defraud or harm another is the gist or gravamen of the offense of forgery. 
Cadd v. State, 587 S.W.2d 736, 739 (Tex. Crim. App. 1979); Burks v. State, 795 S.W.2d 913,
914 (Tex. App.--Amarillo 1990, pet. ref'd). Intent is an element which the State must prove in
a forgery case. Mason v. State, 820 S.W.2d 897, 897 (Tex. App.--Houston [1st Dist.] 1991, pet.
ref'd). Intent to defraud or harm cannot be shown absent proof of knowledge of the forgery
involved. See Landry v. State, 583 S.W.2d 620, 621 (Tex. Crim. App. 1979); Chesteen v. State,
712 S.W.2d 553, 554 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd). The necessary intent,
however, may be established by circumstantial evidence and proof of intent to defraud is
derivative of other elements of the forgery offense. Wallace v. State, 813 S.W.2d 748, 751 (Tex.
App.--Houston [1st Dist.] 1991, no pet.). Proof of a culpable mental state generally relies upon
circumstantial evidence. Gardner v. State, 736 S.W.2d 179, 182 (Tex. App.--Dallas 1987), aff'd,
780 S.W.2d 259 (Tex. Crim. App. 1989). Both intent and knowledge can be proved by the acts,
conduct, and words of the accused. See Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App.
1982); Dillon v. State, 574 S.W.2d 92, 94-95 (Tex. Crim. App. 1978) (knowledge); Mason, 820
S.W.2d at 897; Ercanbrack v. State, 646 S.W.2d 480, 481 (Tex. App.--Houston [1st Dist.] 1982,
no pet.) (knowledge).

 The evidence shows that appellant entered the office of Check Express with the co-defendant whom appellant knew as Buddy Young. Both men had been raised in Elgin. Appellant
was present when Young presented the stolen check and social security card to the employees of
Check Express representing himself as McVay. Appellant assisted Young in answering questions
and accepting Young's reference to him as Young's nephew. He also made misrepresentations
by referring to Young as "Mr. McVay." Appellant told the Check Express employees that he
frequently signed McVay's name for him. When Young signed the check with an "X," appellant
wrote the name of "Harold Gene McVay" as a part of the endorsement. Appellant signed the
customer card in the same manner. When the store employees went to make further inquiries
about the check, appellant walked outside the store. The store employees testified that Check
Express would have suffered the financial loss if the check had been cashed after it had been
endorsed.

 The jury is the trier of the facts, and the judge of the credibility of the witnesses
and the weight to be given their testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). 
The jury may accept or reject all or any part of a witness's testimony. Williams v. State, 692
S.W.2d 671, 676 (Tex. Crim. App. 1984); Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim.
App. 1982).

 Evidentiary sufficiency is measured against the charge that was actually given to
the jury. Thomas v. State, 832 S.W.2d 47, 51 (Tex. Crim. App. 1992); Garrett v. State, 749
S.W.2d 784, 802-03 (Tex. Crim. App. 1985) (op. on rehearing); Boozer v. State, 717 S.W.2d
608, 610 (Tex. Crim. App. 1984). Thus, questions regarding the sufficiency of the evidence must
be resolved in light of the charge given. Polk v. State, 749 S.W.2d 813, 815 (Tex. Crim. App.
1988); Gant v. State, 814 S.W.2d 444, 447 (Tex. App.--Austin 1991, no pet.). (3)

 The standard of reviewing the legal sufficiency of the evidence is whether, viewing
the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have
found beyond a reasonable doubt the essential elements of the offense charged. Jackson v.
Virginia, 443 U.S. 307, 319 n.12 (1979); Valdez v. State, 776 S.W.2d 162, 165 (Tex. Crim.
App. 1989), cert. denied, 495 U.S. 963 (1990). The standard is the same in both direct and
circumstantial evidence cases. Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990);
Christian v. State, 686 S.W.2d 930, 934 (Tex. Crim. App. 1985). The reasonable hypothesis
construct has been abolished as a method of appellate review for legal evidentiary sufficiency in
circumstantial evidence cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). 
The instant case was tried after the Geesa decision. Therefore, we measure the legal sufficiency
of the evidence solely by reference to the Jackson standard. See Krueger v. State, 843 S.W.2d
726, 728 (Tex. App.--Austin 1992, pet. ref'd).

 From the evidence in this cause, viewed in the light most favorable to the jury's
verdict, we conclude that, as measured against the charge, a rational trier of fact could have found
beyond a reasonable doubt the essential elements of the offense charged. Point of error two is
overruled.

 The judgment of conviction is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Aboussie, B. A. Smith and Onion*

Affirmed

Filed: February 16, 1994

Do Not Publish















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Article 36.09 states that the trial court has the discretion to grant or refuse a motion
for severance except in two cases. The trial court is required to grant a motion to sever when
either: (1) one of the defendants has a previous conviction that is admissible and the other
does not; or (2) a joint trial would be prejudicial to one of the defendants.
2.   Although Young had taken the witness stand and thus waived his privilege against self-incrimination, he was permitted, without objection, to "plead the Fifth" on direct and cross-examination when asked details about the instant offense.
3.   Appellant made no pretrial objection to the indictment. If there was any defect, error,
or irregularity of form or substance, it was waived by the failure to object. See Tex. Code
Crim. Proc. Ann. art. 1.14(b) (West Supp. 1994); Studer v. State, 799 S.W.2d 263, 268 (Tex.
Crim. App. 1990); Edwards v. State, 835 S.W.2d 660, 664 (Tex. App.--Dallas 1992, no pet.). 
The indictment, inter alia, was incorporated into the court's charge against which the sufficiency
of the evidence is measured. See Boozer, 717 S.W.2d at 610; cf. Maycock v. State, 801 S.W.2d
567 (Tex. App.--Dallas 1990, no pet.).