Opinion issued October 9, 2008 

















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00884-CR

____________


SANDY OLIVO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1077734






MEMORANDUM OPINION

 Appellant, Sandy Olivo, with an agreed punishment recommendation from the
State, pleaded guilty to the offense of possession of a controlled substance, namely,
cocaine, (1) in an amount of more than one gram but less than four grams. The trial
court deferred adjudication of appellant's guilt, placed him on community supervision
for four years, and imposed a fine of $500. 

 The State subsequently filed a motion to adjudicate appellant's guilt, alleging
that he violated the terms and conditions of community supervision by, among other
things, committing the offense of fraudulent use or possession of identifying
information, (2) failing to report to his community supervision officer, failing to pay
required fees, and failing to comply with the regulations and rules of a chemical
dependency treatment program. Appellant pleaded not true to these allegations. 
After conducting a hearing on the State's motion, the trial court found the above
allegations true, found appellant guilty, and assessed his punishment at confinement
for two years and a fine of $500. 

 In four issues, appellant contends that the evidence is insufficient to prove by
a preponderance of the evidence that he committed the offense of fraudulent use or
possession of identifying information; the trial court, in violation of due process of
law, erred by considering his failure to report to his probation officer after it had
previously been considered in modifying his community supervision; the trial court
erred in revoking his community supervision based on his failure to pay any unpaid
fees or fines; and the evidence is insufficient to prove by a preponderance of the
evidence that he failed to comply with the rules of treatment.

 We affirm.

Factual Background

 At the hearing on the State's motion to adjudicate, John Smith testified that on
April 5, 2007, he paid appellant $180 in cash at "I Wireless" for a cellular phone. 
Appellant, the only person who helped Smith with his purchase, did not charge Smith
for the sales tax. In completing the transaction, appellant did not use the store's
computer, and, when Smith asked appellant for a receipt, appellant replied that he
could not give him one because the printer was out of toner. Smith told appellant that
he was concerned about not having a receipt, but appellant told Smith not to worry
because Smith could "come back and see" appellant, who already had Smith's
information in the store's computer. When the cellular telephone stopped working,
Smith, on April 9, 2007, returned the telephone. Yousuf Meghani, the store's owner,
informed Smith that he had no record of Smith's purchase on the store's computer
and that his records showed that someone else had purchased Smith's telephone.

 Meghani testified that when obtaining a T-Mobile contract for an I Wireless
customer, his employees could have access to a customer's identifying information. 
Meghani explained that the only way for an employee to access a customer's T-Mobile account was to use the last four digits of the customer's social security
number, which could only be personally obtained from the customer. Meghani noted
that before appellant had sold the cellular telephone to Smith, Dori Davis had given
the last four digits of her social security number to appellant when she inquired about
a cellular telephone which, ultimately, she did not purchase. However, an invoice
showed that appellant purportedly sold to Davis a cellular telephone accessory and
cellular telephone for approximately $125. Meghani also explained that a T-Mobile
contract, purportedly signed by Davis, included Davis's address, cellular telephone
number, last four digits of her social security number, and name, which extended her
T-Mobile service for twenty-four months with an accompanying discount on the
telephone purchase. 

 Meghani discovered that appellant had accessed Davis's account after Smith
returned his cellular telephone. Meghani confirmed that Smith was returning the
telephone that appellant had recorded as having been sold to Davis. He concluded
that appellant had used Davis's information in the transaction with Smith and that
Davis had not authorized the transaction on her T-Mobile account. 

 Davis testified that in the first week of April, she went to I Wireless to inquire
about purchasing a new cellular telephone. She explained to appellant that she
already had a T-Mobile contract, and she gave appellant her account information so
that he could access her account. Davis decided not to purchase a new telephone
because she did not have $100. Davis did not give appellant permission to purchase
any cellular telephones or accessories on her account. Davis testified that the
signature on the sales invoice for Smith's telephone was not her signature. 

 Appellant testified that he did "not recall" whether Davis was a customer and
that he did not remember looking up her information. Appellant also did "not recall"
selling Smith a cellular telephone for $180, but he conceded that an invoice showed
that he had in fact sold a telephone to Davis for $100. 

Standard of Review

 Appellate review of an order adjudicating guilt is limited to determining
whether the trial court abused its discretion. Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b) (Vernon Supp. 2008) ("This determination [to adjudicate guilt] is
reviewable in the same manner as a revocation hearing conducted [for violations of
community supervision] under Section 21 of this article in a case in which an
adjudication of guilt had not been deferred."); see Rickels v. State, 202 S.W.3d 759,
763 (Tex. Crim. App. 2006) ("Appellate review of an order revoking probation is
limited to abuse of the trial court's discretion."); Canseco v. State, 199 S.W.3d 437,
439 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd). The trial court's decision
should be supported by a preponderance of the evidence. See Rickels, 202 S.W.3d
at 763. The evidence meets this standard when the greater weight of the credible
evidence creates a reasonable belief that a defendant has violated a condition of his
community supervision. Id. at 764 (quoting Scamardo v. State, 517 S.W.2d 293, 298
(Tex. Crim. App. 1974)). 

 We must examine the evidence in the light most favorable to the trial court's
order. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). As the sole
trier of fact, a trial court determines the credibility of witnesses, accepting or rejecting
any or all of the witnesses' testimony. See id.; Jones v. State, 787 S.W.2d 96, 97
(Tex. App.--Houston [1st Dist.] 1990, pet. ref'd). To support the trial court's order
to adjudicate guilt, the State need only establish one sufficient ground for revocation. 
See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (stating that one
sufficient ground for revocation of community supervision is enough to support trial
court's decision). 

Adjudication of Guilt

 In his first issue, appellant argues that the trial court abused its discretion in
adjudicating guilt because the evidence is insufficient to prove by a preponderance
of the evidence that appellant committed the offense of fraudulent use or possession
of identifying information.

 A person commits the offense of fraudulent use or possession of identifying
information "if the person obtains, possesses, transfers, or uses identifying
information of another person without the other person's consent and with intent to
harm or defraud another." (3) Act of May 29, 1999, 76th Leg., R.S., ch. 1159, § 1, 1999
Tex. Gen. Laws 4064, 4064 (amended 2003, 2007) (current version at Tex. Penal
Code Ann. § 32.51 (Vernon Supp. 2008)). "Identifying information" includes,
among other things, an individual's name, social security number, date of birth,
government-issued identification number, and telecommunications identifying
information or access device. See id.

 In support of his insufficiency argument, appellant relies upon Solis v. State,
611 S.W.2d 433 (Tex. Crim. App. [Panel Op.] 1981). In Solis, the defendant
negotiated a $50 check to a cashier with a blank indorsement from "Yolanda
Gutierez." Id. at 433. The Texas Court of Criminal Appeals held that the evidence
was insufficient to revoke the defendant's community supervision based on the
offense of "forgery by passing" because the State did not prove that the defendant
intended to defraud or harm another. Id. at 433-34. The court reasoned that the
cashier did not ask for the defendant's identification, the cashier cashed the check
because she knew the check's maker, the check was not indorsed in the cashier's
presence, and the defendant did not represent herself as the payee. Id. However,
appellant's intent may be inferred from circumstantial evidence. Wolfe v. State, 917
S.W.2d 270, 275 (Tex. Crim. App. 1996); Wilkerson v. State, 927 S.W.2d 112, 115
(Tex. App.--Houston [1st Dist.] 1996, no pet.). 

 Here, appellant's intent to harm or defraud another was shown by his refusal
to issue a receipt to Smith for the $180 sale and his attribution of the Smith sale to
Davis's account for $100 so that appellant could procure an $80 gain for himself. 
Davis testified that although she did not buy a cellular telephone or renew her T-Mobile contract, she had given appellant the last four digits of her social security
number to access her T-Mobile account. She added that she did not authorize
appellant to make any sort of transaction on her account. Smith testified that
appellant sold him a cellular telephone for $180 in cash and refused to issue him a
receipt. Meghani testified, and an invoice verified, that appellant subsequently
accessed Davis's account and attributed the sale of Smith's cellular telephone to
Davis for $100 because Davis qualified for an $80 discount after appellant
unilaterally renewed her T-Mobile cellular telephone contract. 

 Appellant also argues that the evidence is insufficient because there is a
variance between the State's motion to adjudicate guilt and the trial court's judgment
adjudicating guilt. Appellant notes that the original motion to adjudicate guilt stated
that appellant committed an offense on April 20, 2007, while the evidence at the
hearing showed that the offense was committed on April 5, 2007. However, the
Texas Code of Criminal Procedure permits the State to amend a motion to adjudicate
guilt in a felony case anytime up to seven days before the hearing. Tex. Code Crim.
Proc. Ann. art. 42.12, § 21(b) (Vernon Supp. 2008). Here, the State timely filed an
amended motion to adjudicate guilt, which stated that appellant committed an offense
"on or about" April 5, 2007.

 We hold that the trial court could have found by a preponderance of the
evidence that appellant violated a term or condition of his community supervision by
committing the offense of fraudulent use or possession of identifying information. We overrule appellant's first issue. As noted above, the State need only
establish one sufficient ground for revocation in order to support the trial court's
order to adjudicate guilt. See Moore, 605 S.W.2d at 926. Thus, we need not consider
appellant's second through fourth issues. Accordingly, we further hold that the trial
court did not abuse its discretion in adjudicating appellant's guilt.

Conclusion

 We affirm the judgment of the trial court. 

 



 Terry Jennings

 Justice


Panel consists of Justices Jennings, Hanks, and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 



 
1. See Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2008), §
481.115(c) (Vernon 2003). 
2. See Tex. Penal Code Ann. § 32.51 (Vernon Supp. 2008).
3. As the Texas Legislature provided in its enabling language under Texas Penal Code
section 32.51 that the offense was to be governed by the law in effect when the
offense was committed, appellant's offense is governed by section 32.51 as it was
written before the 2007 amendments went into effect on September 1, 2007. See Act
of May 22, 2007, 80th Leg., R.S., ch. 632, § 2, 2007 Tex. Gen. Laws 1204, 1204; Act
of May 26, 2007, 80th Leg., ch. 1163, § 3, 2007 Tex. Gen. Laws 3991, 3992; Act of
May 25, 2007, 80th Leg., ch. 1173, § 2, 2007 Tex. Gen. Laws 4012, 4012-13.