ACCEPTED
01-15-00511-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/30/2015 3:44:32 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00511-CR

In the
**Court of Appeals**
For the
**First District of Texas**
At Houston

——————◆——————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/30/2015 3:44:32 PM

CHRISTOPHER A. PRINE
Clerk

**No. 1425902**
In the 179th District Court
Of Harris County, Texas

——————◆——————

**SANJOSEPH TAN**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

——————◆——————

STATE'S APPELLATE BRIEF

——————◆——————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**KIMBERLY APERAUCH STELTER**
Assistant District Attorney
Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713.274.5826
stelter_kimberly@dao.hctx.net
State Bar Number: 19141400

**CONNIE SPENCE**
**MARITZA ANTU**
Assistant District Attorneys
Harris County, Texas

ORAL ARGUMENT NOT REQUESTED

**STATEMENT REGARDING ORAL ARGUMENT**

The State believes that the matters raised by the appellant are well-settled, and that the briefs in this case adequately apprise this Court of the issues and the law. Therefore, the State does not request oral argument.

**IDENTIFICATION OF THE PARTIES**

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Counsel for the State:*

**Devon Anderson** — District Attorney of Harris County

**Kimberly Aperauch Stelter** — Assistant District Attorney on appeal

**Sean Powers, Stuart Tallichet** — Assistant District Attorneys at trial

*Appellant and counsel:*

**Sanjoseph Tan** — Appellant

**Patrick McCann** — Counsel on appeal

**Benjamin Plaut** — Defense counsel at trial

*Trial Judge:*

**Honorable Leslie Brock Yates** — Judge Presiding

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...............................................i

IDENTIFICATION OF THE PARTIES ...................................................i

TABLE OF CONTENTS ............................................................. ii

INDEX OF AUTHORITIES ........................................................ iii

STATEMENT OF THE CASE.........................................................1

STATEMENT OF FACTS ..........................................................1

SUMMARY OF THE ARGUMENT ..................................................3

REPLY TO APPELLANT'S FIRST POINT OF ERROR.......................................4

REPLY TO APPELLANT'S SECOND AND THIRD POINTS OF ERROR .........6

PRAYER ..................................................................11

CERTIFICATE OF SERVICE ..................................................12

CERTIFICATE OF COMPLIANCE...............................................13

## INDEX OF AUTHORITIES

**CASES**

*Brooks v. State*,
 323 S.W.3d 893 (Tex. Crim. App. 2010)................................................................8

*Chambers v. State*,
 805 S.W.2d 459 (Tex. Crim. App. 1991)..............................................................9

*Clayton v. State*,
 235 S.W.3d 772 (Tex. Crim. App. 2007).............................................................10

*Curry v. State,*
 910 S.W.2d 490 (Tex. Crim. App. 1995).............................................................6

*Dues v. State,*
 634 S.W.2d 304 (Tex. Crim. App. 1982).............................................................12

*Ervin v. State,*
 331 S.W.3d 49 (Tex. App.-
 Houston [1st Dist.] 2010, pet. ref'd) ..................................................................8

*Garcia v. State,*
 887 S.W.2d 846 (Tex. Crim. App. 1994).............................................................6

*Horhn v. State*,
 ___ S.W.3d ___, 2015 WL 7300558 (Tex. App.—
 Houston [1st Dist.] November 19, 2015 , no pet. reported) ................................7

*Jackson v. Virginia,*
 443 U.S. 307 (1979)..............................................................................................9

*Johnson v. State*,
 871 S.W.2d 183 (Tex. Crim. App. 1993).............................................................10

*Karenev v. State*,
 281 S.W.3d 428 (Tex. Crim. App. 2009).............................................................5

*Kiffe v. State*,
 361 S.W.3d 104 (Tex. App. –
 Houston [1st Dist.] 2011, pet. ref'd) ..................................................................8

*King v. State*,
 29 S.W.3d 556 (Tex. Crim. App. 2000) ..............................................................10

*Laster v. State,*
275 S.W.3d 512 (Tex. Crim. App. 2009) ........................................................ 9

*Marin v. State,*
851 S.W.2d 275 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State,* 947 S.W.2d 262 (1997) ...................................................... 5

*Mason v. State,*
820 S.W.2d 896 (Tex. App. –
Houston [1st Dist.] 1991, no pet. ................................................................ 12

*Rowshan* .......................................................................................................... 13

*Rowshan v. State,*
445 S.W.3d 294 (Tex. App. –
Houston [1st Dist.]2013, pet. ref'd) .......................................................... 12

*Schuster v. State,*
435 S.W.3d 362 (Tex. App. –
Houston [1st Dist.] 2014, no pet.) .............................................................. 5

*Williams v. State,*
235 S.W.3d 742 (Tex. Crim. App. 2007) ...................................................... 9

*Williams v. State,*
688 S.W.2d 486 (Tex. Crim. App. 1985) .................................................... 11

## STATUTES

TEX. PENAL CODE ANN. § 32.51 (West 2014) ................................................ 3, 6

Texas Penal Code § 32.51 .............................................................................. 4

## RULES

TEX. R. APP. P. 38.2(a)(1)(A) .......................................................................... i

**TO THE HONORABLE COURT OF APPEALS:**
## STATEMENT OF THE CASE

Appellant was charged by indictment with fraudulent use of identifying information (CR 9).  He entered a plea of not guilty and the case was tried before a jury (CR 60). The jury found appellant guilty as charged, and the court assessed punishment at one year in the state jail division of the Texas Department of Criminal Justice (CR 60).   Appellant filed timely notice of appeal, and the court certified his right to appeal (CR 664-66).

—————————◆—————————

## STATEMENT OF FACTS

Tony Ho had bad credit.  He purchased a Hyundai Sonata in 2013 from the Ron Carter dealership but was told to return it once the dealership did a credit check (RR3 188, 192).  The second time Ho had Appellant purchase a Hyundai Sonata from the dealership for him (RR3 189, 197).  Ho just went to the dealership to pick up the car from appellant in the parking lot (RR3-189, 192).

The problem with this arrangement was that Appellant used someone else's identify to finance the Sonata.  Appellant represented himself to the sales representative and the director of the finance department as Songfan

Jin (RR3 165-166, 199). He put Songfan Jin's name, date of birth, and Social Security number on the finance application for the Sonata, and presented proof of identity under that name (RR3 18). The two forms of identification, a passport and an international driver's license, had Jin's identifying information, but appellant's picture (RR3 204, 166, State's Exhibit No. 10).

Eventually the bank which financed the loan for the Sonata did an investigation, discovered this identify theft, and required the dealership to buy back the loan from the bank (RR3 14). The dealership, not knowing who was actually in possession of the Sonata, reported it stolen, and with the help of police and a built in tracking system, were able to locate and repossess the vehicle (RR3 15, 50). Ho was driving the car at the time of the recovery, and agreed to lead the police to appellant (RR3 189, 190). When arrested, appellant had several pieces of identification in his own name, but also identified himself as the person pictured on the international driver's license in Jin's name (RR3 75, 77). Also, the vehicle appellant was driving was registered in Jin's name (RR3 82). Appellant was arrested, his fingerprints were taken, and it was determined that his real name was Sanjoseph Tan (RR3 83-84).

Eventually, the dealership resold the Sontana that had purchased by appellant in Jin's name, but since the vehicle had already been preowned, the dealership could not resell it as a new. Instead, the dealership sold the vehicle wholesale at auction for a $17,000 loss (RR3 14).

Songfan Jin was also adversely impacted. Jin lived in New York City, had never been to Texas, and did not know appellant or give him authorization to use his identifying information (RR3 143, 148-149). He only learned that someone was using his identity when he got a letter from a collection agency (RR3 144). He then hired an attorney who investigated the identity theft and wrote letters to clear Jin's name with the collection agency (RR3 145). Despite these efforts, Jin's credit rating, which had formally been very good, was "completely destroyed" by appellant's actions (RR3 153).

————————◆————————

## SUMMARY OF THE ARGUMENT

Appellant did not preserve any constitutional challenge to Section 32.51 of the Penal Code by raising the issue for the first time on appeal. Even if appellant had preserved error, the statute is clearly not directed at any speech or free expression. On its face, the statute neither abridges

constitutionally protected speech, nor inhibits an individual's right to petition for redress of grievances. The statute has been utilized to prevent identity theft and does not reach a substantial amount of constitutionally protected conduct. Consequently, the appellant's First Amendment and overbreadth challenges to the statute should fail.

The evidence is also legally sufficient to sustain appellant's conviction for the offense of fraudulent use or possession of identifying information. Specifically, the evidence established beyond a reasonable doubt that appellant intended to defraud or harm another. While the evidence is also factually sufficient, the State is no longer required to prove factual sufficiency on appeal.

————————◆————————

## REPLY TO APPELLANT'S FIRST POINT OF ERROR

In his first point of error, appellant claims that Texas Penal Code § 32.51, the statute upon which his prosecution is based, violates the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Specifically, appellant contends that the Statute in question is facially

unconstitutional because it is an overbroad regulation of speech, and might "chill" constitutionally protected speech (appellant's brief, p. 11).

### **Appellant Failed to Preserve Error**

Appellant does not indicate and the State could find no reference to this issue ever being raised or ruled on at trial.  A defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Under *Karenev,* "[a] facial challenge to the constitutionality of a statute" falls within the category of matters for which an objection is necessary to preserve error. *Id.* at 434; *Schuster v. State*, 435 S.W.3d 362, 365 (Tex. App. –Houston [1st Dist.] 2014, no pet.); *Marin v. State,* 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State,* 947 S.W.2d 262 (1997) (recognizing three different rules for error preservation).  Similarly, an "as applied" constitutional challenge is also a forfeitable right under *Marin* and must be preserved in the trial court during or after trial. *Curry v. State,* 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); *Garcia v. State,* 887 S.W.2d 846, 861 (Tex. Crim. App. 1994). Since appellant did not preserve his

constitutional challenges to Texas Penal Code §32.51, his first point of error should be overruled.[1]

————————◆————————

## REPLY TO APPELLANT'S SECOND AND THIRD POINTS OF ERROR

Appellant's final two point of error concern the sufficiency of the evidence to support appellant's conviction. Appellant claims that the evidence is both legally and factually insufficient to prove that appellant committed this offense with the intent to harm or defraud another.

**Standard of Review on Sufficiency of the Evidence**

Courts in Texas no longer conduct independent factual sufficiency reviews of the evidence in criminal cases. *Brooks v. State*, 323 S.W.3d 893, 901 (Tex. Crim. App. 2010). Instead, Texas courts review legal and factual sufficiency challenges using the same standard of review. *Ervin v. State,* 331

---

[1] Even if appellant had preserved error on this issue, this Court has recently held that Texas Penal Code § 32.51 does not implicate the free speech guarantee of the First Amendment, is not facially overbroad, and is not a content based restriction on speech. *See Horhn v. State*, __ S.W.3d __, 2015 WL 7300558 (Tex. App.—Houston [1st Dist.] November 19, 2015 , no pet. reported)

S.W.3d 49, 54 (Tex. App.-Houston [1st Dist.] 2010, pet. ref'd); *Kiffe v. State*, 361 S.W.3d 104, 107-08 (Tex. App. –Houston [1st Dist.] 2011, pet. ref'd). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Viewed in the light most favorable to the verdict, the evidence is insufficient under this standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson,* 443 U.S. at 314, 318 n. 11, 320; *Laster,* 275 S.W.3d at 518; *Williams,* 235 S.W.3d at 750.

The jury is the sole judge of the weight of the evidence under this review and can choose to believe all, some, or none of it. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The presumption is that the jury resolved conflicting inferences in favor of the verdict, and a reviewing

court should defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Evidence can be legally sufficient for a conviction even if it is entirely circumstantial. *King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000). The standard of review for circumstantial and direct evidence is the same. *Id*. It is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

### The evidence is sufficient to prove that appellant intended to defraud or harm another

Appellant claims there is no evidence appellant used Jin's identifying information, but merely possessed it. The facts, however, show otherwise.

Appellant used Jin's identifying information to establish his creditworthiness to purchase a car (State's Exhibit No. 10). He filled out the loan application in Jin's name, which made Jin, not appellant, liable for the loan amount. He provided the dealership with two pieces of identification with Jin's information and appellant's photo (State's Exhibit No. 10). He also

traded in his Volkswagen Passat, which he also owned under Jin's name, and which was valued at far less than the amount appellant still owed on it.[2]

The intent to defraud or harm another may be established by circumstantial evidence, including an accused's acts, words, or conduct. *Williams v. State,* 688 S.W.2d 486, 488 (Tex. Crim. App. 1985); *Mason v. State,* 820 S.W.2d 896, 897 (Tex. App. –Houston [1st Dist.] 1991, no pet.) (citing *Dues v. State,* 634 S.W.2d 304, 305 (Tex. Crim. App. 1982)); *Rowshan v. State*, 445 S.W.3d 294, 298 (Tex. App. –Houston [1st Dist.]2013, pet. ref'd). Appellant's acts clearly indicate intent to defraud or harm another.

As a result of appellant's deception, the Ron Carter dealership lost $17,000 after having to buy back the loan, repossess the Sonata, and sell it wholesale as a used car and at a price that was substantially less than they could have received by selling it new to a legitimate buyer. Jin also suffered harm by having to hire a lawyer to respond to the collection agency and subsequently having his credit destroyed. Jin's credit line was burdened by

---

[2] The Sonata had a sale price of $22,500, but after a $15,000 credit for the trade-in of the Volkswagen and a $24,000 payoff of the loan on the Volkswagen (plus other small fees) the balance remaining was $32,274.16 (State's Exhibit No. 10, page 6). Thus, appellant obtained a loan on the Sonata that was more than the worth of the car, as he actually paid off his "underwater" loan on the Volkswagen.

the loan, while appellant's credit was unaffected, as he failed to take any of these actions under his own identity.  This evidence is sufficient to establish an intent to defraud or harm another. *Rowshan v. State*, 445 S.W.3d at 298.

For the above reasons, appellant's last two points of error are without merit, and should be overruled.

———————◆———————

## PRAYER

The State respectfully requests that this Court affirm the judgment of the trial court.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/*Kimberly Aperauch Stelter*

**KIMBERLY APERAUCH STELTER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar Number: 19141400
stelter_kimberly@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument is being served by EFileTXCourts.Gov e-filer to the following email address

Patrick McCann
Attorney at Law
Suite 205, Rice Hotel
Houston, Texas  77002
writlawyer@justice.com

/s/*Kimberly Aperauch Stelter*

**KIMBERLY APERAUCH STELTER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 274-5826
State Bar Number: 19141400
stelter_kimberly@dao.hctx.net

12

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of **2,628** words, based upon the representation provided by the word processing program that was used to create the document.

/s/*Kimberly Aperauch Stelter*
**KIMBERLY APERAUCH STELTER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 274-5826
TBC No. 19141400
stelter_kimberly@dao.hctx.net