Edward Lewis TAYLOR, Appellant,

v.

STATE of Texas, Appellee.

No. 6–81–004–CR.

Court of Appeals of Texas,
Texarkana.

Nov. 4, 1981.

Discretionary Review Refused
March 10, 1982.

Jesse M. DeWare, IV, Jefferson, for appellant.

Tony Hileman, Jefferson, for appellee.

BLEIL, Justice.

An appeal is taken from a conviction of forgery by altering a writing. Punishment, enhanced by a prior felony conviction, was set at 10 years confinement.

Can a conviction for forgery by altering a writing be upheld based solely on evidence that the defendant possessed and passed the document? We hold that it cannot and reverse the trial court's judgment.

Edward Lewis Taylor was riding as a passenger in a car which drove to a convenience store in Jefferson, Texas, on April 6, 1980. While the driver of the car put gas in the tank, Edward Taylor went inside and bought a pecan pie and soft drink which he paid for before going outside. Five dollars worth of gas was put in the vehicle, and Taylor went back inside, put the bill in question on the counter stating that it was for the gas, and he left. The clerk at the store promptly observed that the bill was a one dollar bill with fives from five dollar bills put over the numerals. She called the Sheriff's department before the vehicle had left the premises and gave the Sheriff's office the license plate number and related that the vehicle was traveling toward Marshall on U.S. Highway 59. About 20 minutes later the Chief of Police brought Taylor back to the store and he was identified as having passed the five dollar bill.

■ Forgery is committed in any one of three ways: (1) altering or making; (2) passing; and (3) possessing with intent to pass.[1] Appellant Taylor was indicted and tried for the offense of forgery by altering a writing.

■ At the conclusion of the State's case Taylor moved for an instructed verdict on the basis of the absence of any evidence to show that he had altered the money. That remains appellant's position on this appeal. The State answers by correctly asserting that the definition of forgery includes the act of passing, as true, a forged instrument. It cites *Baker v. State*, 552 S.W.2d 818 (Tex.Cr.App.1977); *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Cr.App.1977); *Wilson v. State*, 605 S.W.2d 284 (Tex.Cr.App.1980). Apparently the State contends that the possessing or passing of the bill is circumstantial evidence that the defendant altered it and, because the jury was properly instructed on circumstantial evidence, the conviction should be upheld. We disagree.

■ Our review of the evidence leads to the conclusion that it is sufficient to establish that the defendant committed the crime of forgery by passing or by possessing with intent to pass, the altered dollar bill. The State could have charged him with forgery by any or all of the three methods. It chose to select, indict, and try Taylor for forgery by altering a writing. When the prosecution selects the mode of charging a crime it must prove the case as alleged. *Terry v. State*, 471 S.W.2d 848 (Tex.Cr.App.1971); *Garcia v. State*, 537

S.W.2d 930 (Tex.Cr.App.1976). The State produced no direct evidence that the appellant actually altered the dollar bill. Therefore, our decision turns on whether the fact of his possessing and passing the bill is circumstantial evidence that he altered it, and is sufficient to uphold the conviction.

■ In forgery prosecutions, knowledge of a document's alteration, and intent to pass may be established by circumstantial evidence. *Stuebgen v. State*, supra. In reviewing this as a circumstantial evidence case we must determine whether there was evidence from which the jurors might reasonably conclude that every reasonable hypothesis other than the defendant's guilt was excluded. *Rhyne v. State*, 620 S.W.2d 599 (Tex.Cr.App.1981); *Flores v. State*, 551 S.W.2d 364 (Tex.Cr.App.1977); *Dixon v. State*, 541 S.W.2d 437 (Tex.Cr.App.1976). This is not a reasonable conclusion under the evidence. The driver of the vehicle or any one of a number of other persons might just as likely have altered the one dollar bill. We presume that the accused is innocent and are not at liberty to presume any fact against him not shown to have been committed by him.

■ The evidence is insufficient to sustain the conviction for the offense of forgery by altering a writing as alleged in the indictment. This being so the State is precluded from further prosecution of this case. *Rhyne v. State*, supra; *Morr v. State*, 587 S.W.2d 711 (Tex.Cr.App.1979); *Heltcel v. State*, 583 S.W.2d 791 (Tex.Cr.App.1979).

---

1. Texas Penal Code Ann. § 32.21 (Vernon 1974), Forgery provides in part:
   "(a) For purposes of this section:
   (1) 'Forge' means:
   (A) to alter, make, complete, execute, or authenticate any writing so that it purports:
   (i) to be the act of another who did not authorize that act;
   (ii) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or
   (iii) to be a copy of an original when no such original existed;
   (B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision; or

   (C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B) of this subdivision.
   (2) 'Writing' includes:
   (A) printing or any other method of recording information;
   (B) money, coins, tokens, stamps, seals, credit cards, badges, and trademarks; and
   (C) symbols of value, right, privilege, or identification.
   (b) A person commits an offense if he forges a writing with intent to defraud or harm another."

We reverse the judgment and remand the cause to the trial court with directions to enter a judgment of acquittal.