**Frank Walter DeGAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 82 162 CR.**

Court of Appeals of Texas, Beaumont.

June 29, 1983.

State's Petition for Discretionary Review Refused Dec. 21, 1983.

Harold J. Laine, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

This appeal is brought on six grounds of error from a jury conviction of unlawful possession of a firearm by a felon, and being a habitual felony offender, wherein the jury assessed punishment at life in the Texas Department of Corrections.

All of appellant's grounds of error question the adequacy of the State's proof that appellant was a convicted felon, and that the prior alleged felony was a felony involving an act of violence or the threatened violence to a person. These matters are elements of the offense charged as alleged in the indictment which the State is therefore required to prove. *TEX.PENAL CODE ANN. § 46.05* (Vernon 1974).[1]

The State called Margaret Nobles of the Jefferson County Sheriff's Department's Identification Bureau. She was examined concerning State's Exhibit Number 4, which is a copy of appellant's fingerprints taken by her department. This exhibit was admitted without objection. Thereafter, the State asked Nobles to examine State's Exhibit Number 3, a pen packet. After objections to the certification of the pen packet, the Court stated: "Objection overruled. State's Exhibit Number 3 will be admitted *for the limited purpose of comparison only.*" (emphasis supplied) Then Nobles testified the fingerprints on the two exhibits "are one and the same." At this point the pen

---

1. "(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

"(b) An offense under this section is a felony of the third degree."

packet, which contains a 1969 conviction of robbery by assault, would have been admissible for all purposes.[2]

However, the State rested without ever introducing the exhibit and, of course, the jury never saw it.

The trial judge correctly charged the jury: "... if you believe *from the evidence* [emphasis supplied] ... prior to the commission of said act [the primary offense], the said [defendant] was duly and legally convicted of the felony offense of Robbery By Assault, being a felony involving an act of violence or the threatened violence to a person, to-wit: ...." It is axiomatic that the State must prove all of the elements of the offense alleged in the indictment. *Tew v. State*, 551 S.W.2d 375, 378 (Tex.Cr.App.1977); *Taylor v. State*, 626 S.W.2d 543, 545 (Tex.Civ.App.—Texarkana 1981, disc. rev. ref'd). This the State clearly failed to do, even though it could have. Therefore, appellant's six grounds of error are sustained. This compels us, since the evidence is insufficient to sustain the conviction, to direct the trial court to enter a judgment of acquittal. *Bryant v. State*, 574 S.W.2d 109, 112 (Tex.Cr.App.1978).

---

**2.** In a hearing on a motion to suppress out of the presence of the jury, the appellant had admitted to this prior conviction.