Charles James SPENCER, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–84–264–CR.

Court of Appeals of Texas,
Austin.

Nov. 6, 1985.

Charles R. Kimbrough, Blundell & Moore, Lockhart, for appellant.

Honorable Jeffrey L. Van Horn, Criminal Dist. Atty., Lockhart, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Charles James Spencer appeals from a judgment of conviction for possession of a forged check with an intent to pass. The judgment was rendered after a jury trial in the district court of Caldwell County. Punishment was assessed at imprisonment for three years and a $354.00 fine, but, upon recommendation by the jury, imposition of sentence was suspended and appellant was placed on probation. This Court will reverse the judgment of conviction.

Spencer complains that the district court erred in refusing to submit his tendered instruction concerning his failure to testify at the punishment hearing. Spencer did not testify at either the guilt or punishment phase of the trial. The court's charge on guilt contained an instruction regarding Spencer's failure to testify, but the court refused to give the tendered instruction concerning Spencer's failure to testify at the punishment hearing. The proferred charge provided:

> You are instructed that the defendant may testify in his own behalf if he elects to do so, but if he chooses not to do so, that fact cannot be taken as a circumstance against him nor prejudice him in any way. The defendant has elected not to testify in this punishment stage of trial, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

■ The refusal of the district court to submit the instruction was reversible error. We hold that where a request is made to the trial court to add to its charge at the punishment stage of the trial an instruction on the failure of the defendant to testify, or an objection is made to the omission of such charge, it is reversible

error if the trial court fails to honor that request or objection ... *Brown v. State*, 617 S.W.2d 234, 238 (Tex.Cr.App. 1981).

Spencer also complains that the evidence is insufficient to show that he knew that the check was forged so that there is no proof that he possessed the necessary intent to defraud or harm any person. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), require that a challenge to the sufficiency of the evidence be considered before disposing of an appeal, although reversal of the judgment of conviction may be required on other grounds. *Foster v. State*, 635 S.W.2d 710 (Tex.Cr. App.1982); *Hooker v. State*, 621 S.W.2d 597, 598 (Tex.Cr.App.1980).

The indictment averred that Spencer did "with intent to defraud and harm, forge the writing duplicated below, which purported to be the act of another who did not authorize that act, by possessing it with intent to utter it and while knowing it was forged."

■ One commits an offense if he "forges a writing with intent to defraud or harm another." Tex.Pen.Code Ann. § 32.21(b) (1974). The intent to defraud or harm another is a necessary element of the offense of forgery. *Solis v. State*, 611 S.W.2d 433 (Tex.Cr.App.1981).

Spencer entered the Lockhart State Bank on July 18, 1983, walked to the teller's window and told the teller that he wanted to cash the check which he handed to her. The check as originally written was in the sum of $354.93, signed by Bryant Matthews and made payable to the City of Lockhart Utility. The check had been stolen from Matthews who thereafter put a stop-payment order on it. When Spencer presented the check to the bank, it bore the name Billy Joe Longoria as payee and that name appeared as an endorsement on the reverse side of the check. Matthews did not know Spencer nor did he recall seeing Spencer in his store. Matthews did not

give appellant permission to possess, alter, forge, or attempt to pass the check.

The bank teller knew of the theft of the check and that Matthews had put a "stop-payment" on it. When the teller saw the check, she thought that it had been altered. After Spencer handed her the check, the teller left her window. Without saying anything to Spencer, she went to the back of the bank to call Matthews concerning the check. Coincidentally, at that time, Matthews drove up to the drive-in window at the back of the bank. The teller asked Matthews about the check, and when Matthews identified the check, they called the "law." The teller then went to the computer "to stall [Spencer], to wait for the law." The law finally arrived and arrested Spencer in the bank.

It is plain that the prosecution did prove that Spencer *possessed* a forged check. Spencer insists, however, that the State's proof went no further. Spencer points out that he made no statement from which it could be inferred that he *knew* the check was forged. Spencer did not falsely represent that he was someone else. No handwriting was admitted into evidence to demonstrate that any of the writing on the check was appellant's. Spencer was not shown to be implicated with the theft of the check from Matthews' place of business. Finally, there was no showing that Spencer attempted to flee from the bank when the teller did not immediately cash the check. *See Crittenden v. State,* 671 S.W.2d 527 (Tex.Cr.App.1984).

The prosecution contends that the check which Spencer attempted to cash was so obviously altered that the alteration *alone* was sufficient evidence of his guilty knowledge to support the conviction. The State concedes that it presented no other evidence of appellant's knowledge or intent and that the conviction must stand or fall solely on the check itself.

Assuming that the original check shows an alteration, this Court is not convinced that an obviously altered check, alone, without some other evidence of a defendant's guilty knowledge, is sufficient to sus-

tain a conviction for forgery with intent to defraud. Although there are many opinions addressing the sufficiency of circumstantial evidence to establish a defendant's knowledge and intent to pass a forged check, none that we have found address the contention that a check was so obviously altered that the defendant must have known it was forged. In each opinion sustaining a forgery conviction, there has been some additional evidence of "suspicious circumstances" which show that the defendant knowingly and intentionally passed the forged check. *See Castanuela v. State,* 435 S.W.2d 146 (Tex.Cr.App.1968); *Colburn v. State,* 501 S.W.2d 680 (Tex.Cr.App. 1973); *Hilton v. State,* 443 S.W.2d 843 (Tex.Cr.App.1969). An obvious alteration of a check, alone, does not rise to the level of a "suspicious circumstance" sufficient to show guilty knowledge or intent.

Assuming *arguendo* that the check in the present appeal was obviously altered, it cannot be inferred from such an alteration that Spencer knew the check was forged. There are many situations where a check may be altered innocently and legally by its maker or an authorized agent. Without some proof that Spencer knew the check in this appeal was altered *illegally,* guilty knowledge cannot be inferred from an obvious alteration on the face of the check. In sum, alteration alone does not a forgery make.

The judgment is reformed to show a judgment of acquittal.

Reversed and Reformed.