**Sylvester MOONEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–93–00312–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 1994.

Connie B. Williams, Houston, for appellant.

John B. Holmes, Jr., Ernest Davila, Debbie McMahon, Houston, for appellee.

Before DUGGAN, ANDELL and HUTSON–DUNN, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, Sylvester Mooney, was charged with forgery and violation of the Texas Lottery Act after presenting an invalid lottery ticket for payment. Appellant pled "not guilty" and waived his right to trial by jury. The court found him guilty and assessed punishment at three years in prison, probated, and a $500 fine. We affirm.

In four points of error, appellant challenges the sufficiency of the evidence to support the jury's findings. In reviewing the sufficiency of the evidence, we view the evidence in a light most favorable to the verdict and decide whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This standard applies to direct and circumstantial evidence, and the State need not exclude every reasonable hypothesis other than appellant's guilt. *Geesa v. State*, 820 S.W.2d 154, 156–61 (Tex.Crim.App.1991). If there is sufficient evidence to establish guilt beyond a reasonable doubt, and the trial court believes that evidence, we cannot reverse the judgment on sufficiency of evidence grounds. *Gaines v. State*, 874 S.W.2d 733, 735 (Tex. App.—Houston [1st. Dist.] 1994, no pet.); *Glass v. State*, 761 S.W.2d 806, 807 (Tex. App.—Houston [1st. Dist.] 1988, no pet.). The trier of fact is the sole judge of the witnesses' credibility and may believe or disbelieve any part of a witness' testimony. *Gaines*, 874 S.W.2d at 735. Further, the trier of fact may believe a witness even though his testimony is contradicted. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *Gaines*, 874 S.W.2d at 735.

The evidence viewed in the light most favorable to the verdict is as follows: Appellant was a frequent purchaser of lottery tickets. On June 23, 1992, he reported to the Houston lottery claims center and presented a "Lone Star Millions" lottery ticket allegedly worth $10,000 to supervisor Danny Knowlton. After glancing at the ticket to ensure that three of the six figures listed were $10,000, Knowlton returned the ticket with a claims form to appellant. Appellant said he was too nervous to fill out the form and had Nathaniel Harden, a companion, fill it out for him. Appellant then signed the form and gave it to Knowlton for processing.

Upon processing the ticket through a computer, Knowlton discovered that it was invalid. He then looked at the ticket and saw that one of the $10,000 figures had been cut off another ticket and pasted into place to make three like amounts appear. Knowlton saw and felt that the pasted figure was raised higher than the rest of the numbers on the ticket. He also noted that the ticket's validation lines, which were like the lines on a check, had been altered by the pasted piece. Finally, Knowlton noticed that a letter on the ticket was partially covered.

Knowlton asked appellant whether he had scratched off the latex covering on the ticket that covers the amounts, and appellant said that he had. Knowlton then informed appellant that the computer showed the ticket as invalid and that the claims center would have it sent to Austin for validation. After complying with appellant's request to give him a photocopy of the ticket, Knowlton told appellant to check back within a week. Appellant never returned to claim his prize.

At trial, several witnesses testified that the ticket was visibly altered. Knowlton testified that it was fairly easy to determine that the ticket had been tampered with and that the cut and paste job was more obvious than others he had seen. Officer Billy Johnson, a forgery detective for the Houston Police Department who investigated the offense, testified that, upon examining the ticket, he immediately observed that it was forged. Officer Johnson added that, based on his experience and training, he believed that an ordinary person could tell that the ticket had been altered. Nathaniel Harden, who accompanied appellant to the claims center,

admitted that the ticket was visibly altered and that it appeared to be the same ticket that appellant presented for payment. Harden also testified that, although appellant was old and in deteriorating physical condition, he was still mentally competent. Finally, Dorothy Ramirez, appellant's housemate, testified that one of the $10,000 figures on the ticket in evidence was raised above the others.[1]

In points of error one through three, appellant argues the evidence is insufficient to show: (1) that he had knowledge that the ticket was altered and forged; or (2) that he intentionally claimed or attempted to claim a prize through fraud, deceit, or misrepresentation. Thus, appellant contends that the trial court erred in overruling his motion for instructed verdict.

■ To obtain a conviction for forgery under the facts of this case, the State had the burden of proving: (1) The ticket was altered so that it purported to be the act of another who did not authorize the act; and (2) appellant presented the ticket with intent to defraud or harm another. TEX.PENAL CODE ANN. § 32.21(a), (b) (Vernon 1994); *Williams v. State*, 688 S.W.2d 486, 488 (Tex.Crim.App. 1985).

■ Further, to obtain a conviction for violating the Texas Lottery Act, the State had the burden of proving that appellant intentionally or knowingly claimed a lottery prize through fraud, deceit, or misrepresentation. TEX.GOV'T CODE ANN. § 466.308(a)(1) (Vernon Supp.1994).

■ If the record reflects that appellant presented the lottery ticket knowing that it was false, proof of intent to defraud is inferred. *See Williams*, 688 S.W.2d at 488. However, the mere presentation of a forged instrument is insufficient to prove knowledge and intent. *See Stuebgen v. State*, 547 S.W.2d 29, 32 (Tex.Crim.App.1977).

■ Both appellant and the State stipulated at trial that the lottery ticket was invalid. Therefore, the only issues that remain before this Court are whether appellant knew that the lottery ticket was altered and whether he intended to claim a prize through fraud, deceit, and misrepresentation.

The record contains sufficient evidence to support the existence of these elements. Knowlton testified that appellant told him that he had scratched the latex off the ticket and discovered the three $10,000 amounts. Accepting this testimony as true, the trial court could infer that appellant had knowledge that the ticket was altered since the cut and paste could not have been accomplished until after the ticket had been scratched. Further, as noted, numerous witnesses testified at trial that the ticket was clearly altered. The ticket itself was before the trial judge who, as the trier of fact, could observe whether the alteration was apparent. Further, appellant testified that he frequently bought lottery tickets. The trial court could therefore infer that appellant must have recognized the altered ticket. Finally, appellant did not return to the claim center, as he was advised to, so that he could claim his prize.

To support his argument that the State failed to produce sufficient evidence to prove that he knew the ticket was forged, appellant cites cases that hold that presentation of a forged check, by itself, is insufficient to prove knowledge of the forgery. *Crittenden v. State*, 671 S.W.2d 527, 528 (Tex.Crim.App. 1984); *Stuebgen v. State*, 547 S.W.2d at 32. However, all of these cases are factually distinguishable.

In *Stuebgen*, the defendant presented a forged check that listed his name as payee. 547 S.W.2d at 31. The State did not produce any evidence that the defendant's handwriting was anywhere on the check, nor did the defendant make any statement from which knowledge of the forgery could be inferred. *Id.* at 32. In light of the fact that the defendant did not falsely represent himself when presenting the check for payment, the Court of Criminal Appeals held that the State failed to prove that the defendant knew the instrument he passed was forged. *Id.* at 32–33.

---

1. Although Ramirez admitted that the ticket in evidence was visibly altered, she claimed that it was not the same ticket that she had seen appellant with.

In *Crittenden,* a case with facts similar to *Stuebgen,* the court held that the State failed to prove the defendant's knowledge of the forgery when he passed the check. 671 S.W.2d at 528. The court noted that the defendant made no statement from which it could be inferred that he knew the instrument was forged and that he did not falsely represent himself when presenting the check. *Id.* Further, the court noted that the defendant did not flee after his attempt to deposit the check was thwarted. *Id.*

Appellant argues that, like the cited cases, he made no statement from which it can be inferred that he knew the ticket was forged. However, as already noted, Knowlton testified that appellant said he had scratched the latex off the ticket. Appellant also points out that, like the cited cases, he neither falsely represented himself when presenting the ticket for payment nor attempted to flee once he was told that the ticket was invalid. While these facts work in appellant's favor, we note that it is the fact finder's responsibility to weigh the evidence before reaching a verdict. Our role is merely to determine whether a rationale trier of fact could find all the elements of the offense beyond a reasonable doubt. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789.

Appellant also cites *Spencer v. State,* 700 S.W.2d 300 (Tex.App.—Austin 1985, no pet.), to support his argument that the mere alteration of the lottery ticket is insufficient to prove that he knew the ticket was forged. In *Spencer,* the defendant was convicted of possession of a forged check with intent to pass after he presented a check that was visibly altered on the payee line. *Id.* at 301. The court reversed the defendant's conviction and held that an obviously altered check, without some additional evidence, was insufficient to prove the defendant's guilty knowledge. *Id.* at 302. In reaching its decision, the court noted that "there are many situations where a check may be altered *innocently and legally* by its maker or an authorized agent." *Id.* (emphasis added).

Unlike the check in *Spencer,* we know of no situation where a lottery ticket may be altered innocently and legally. Therefore, *Spencer* is inapplicable to the present case.

In *Taylor v. State,* 626 S.W.2d 543, 544 (Tex.App.—Texarkana 1981, pet ref'd), the defendant was indicted for forgery by altering a writing. At trial, the State produced evidence that the defendant passed a one dollar bill with fives from a five dollar bill placed over the numerals. *Id.* The court reversed the conviction, noting that this was insufficient evidence to show that the defendant actually *altered* the bill. *Id.* at 545. However, the court noted in dicta that, had the defendant been charged with forgery by *passing* the altered bill, the evidence would have been sufficient to sustain a conviction. *Id.* Since the defendant in the present case was charged with forgery by presenting an altered lottery ticket, we find the reasoning in *Taylor* instructive.

We find that there is sufficient evidence in the record for a rational trier of fact to find all elements of the charged offense beyond a reasonable doubt.

Appellant's first three points of error are overruled.

In his fourth point of error, appellant argues that the evidence is insufficient to support a guilty finding for forgery. After appellant's motion for instructed verdict, he presented the following evidence on his behalf: Ramirez testified that she lived with appellant and that she always scratched appellant's lottery tickets, including the invalid ticket. Although she admitted that the ticket presented by the State at trial was obviously altered, she denied that this ticket was the same ticket that she had scratched for appellant. Harden testified that he did not see anything unusual about the ticket when he took appellant to the claims center and that he did not know whether the ticket that appellant presented at the claims center was the same ticket admitted as evidence at trial. Finally, appellant denied scratching the ticket and testified he did not know that it was forged until he was told so at the claims center. Appellant said that he did not closely examine the ticket and did not realize that one of the numerals was raised above the others. Appellant also testified that when Knowlton took the ticket and told him it was invalid, appellant became angry because he

thought Knowlton was trying to cheat him out of the money.

As noted above, much of appellant's evidence was contradicted by the State's evidence. Contrary to Ramirez's testimony, Knowlton testified that appellant said he had scratched the ticket. Knowlton also said that the ticket presented at the claims center was the same ticket admitted into evidence at trial. Further, Harden admitted that the ticket presented as evidence at trial was visibly altered and that it appeared to be the same ticket that appellant presented for payment. Officer Johnson testified that he immediately observed the ticket was forged and that he believed an ordinary person would know this as well. Finally, appellant admitted that he carefully examined the ticket and wiped it with a wet towel after Ramirez scratched off the latex covering.

The trial court was the sole judge of the witnesses' credibility, and it was free to believe the State's witnesses even though their testimony was contradicted. *Sharp*, 707 S.W.2d at 614; *Gaines*, 874 S.W.2d at 735.

We overrule appellant's fourth point of error.

The judgment of the trial court is affirmed.