TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00273-CR







Pamela T. Hayes, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-99-0601-S, HONORABLE BEN WOODWARD, JUDGE PRESIDING






 Appellant Pamela T. Hayes appeals her conviction for forgery. See Tex. Pen. Code
Ann. § 32.21(b) (West 1994). Appellant asks this Court to reverse her conviction and render a
judgment of acquittal on the grounds that (1) a fatal variance exists because, although the indictment
alleges that appellant forged a check, the evidence at trial indicated that the instrument technically
was not a check; and therefore (2) the evidence was legally insufficient to support the jury's verdict. 
We will affirm the trial court's judgment. 


BACKGROUND


 On appeal, appellant emphasizes that the indictment specifically charges her with
forging a check. The pertinent portion of the indictment reads as follows:


PAMELA T. HAYES, Defendant, on or about the 3rd day of June, A.D. 1999, and
before the presentment of this indictment, in said County and State, did then and
there, with intent to defraud and harm another, intentionally and knowingly possess
with intent to pass a forged writing, knowing such writing to be forged, and such
writing had been made so that it purported to be the act of Robert Smith, who did not
authorize the act, and said writing was a check . . . .



The indictment includes a photocopy of the forged instrument, which recites that the maker is 
Robert Smith and "Pay the amount of $322.55, payable to Pamela T. Hayes; June 3rd, 1999; account
number 4121741554917646."

 At trial, the State presented evidence concerning the nature of the forged instrument. 
In opening argument, the State acknowledged that the instrument appellant was charged with passing
was not "a normal check . . . it wasn't a check; but it was passed as a check . . . ." The alleged
maker, Robert M. Smith, testified that the instrument passed by appellant was not an ordinary check. 
Based on his experience from previous consulting work, Smith testified that the document in
question was of the type sent out by credit card companies to allow one to transfer a balance from
one credit card to another. Smith also pointed out several common features of checks that were
missing from the instrument presented by appellant. Ann Hoelscher, another witness for the State
and a cashier with Texas Bank, testified that the numbering on the bottom of the instrument was
invalid and would not have gone through the banking system. Hoelscher also testified that the
wording of the forged instrument was not that of a normal and legitimate check.


DISCUSSION


Fatal Variance

 A person who forges a writing with intent to defraud or harm another commits an
offense of forgery. See Tex. Pen. Code Ann. §32.21(b) (West 1994). Section 32.21(a)(1) defines
"forge" as follows:

(A) to alter, make, complete, execute, or authenticate any writing so that it purports

 

 (i) to be the act of another who did not authorize that act;


 (ii) to have been executed at a time or place or in a numbered sequence other
than was in fact the case; or


 (iii) to be a copy of an original when no such original existed;


(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a
writing that is forged within the meaning of Paragraph (A); or


(C) to possess a writing that is forged within the meaning of Paragraph (A) with
intent to utter it in a manner specified in Paragraph (B). 



Tex. Pen. Code Ann. §32.21(a)(1) (West 1994). The indictment charged appellant with forging a
writing with the intent to defraud or harm another. (1) Appellant does not contend that the State failed
to prove the required elements of the offense. The evidence at trial clearly showed that appellant had
possessed with the intent to pass a forged "writing" that had been made so that it purported to be the
act of Robert Smith, who did not authorize the act. Appellant contends, however, that the State also
had to prove that the writing was a check. The issue of whether the forged instrument was an 
authentic check is important, appellant urges, because the indictment specifically refers to the forged
writing as a "check." Appellant contends that by specifically describing the forged writing as a
check in the indictment, the State assumed the burden of proving its case as alleged. According to
appellant, the State's failure to do so resulted in a variance between the indictment and the proof
presented at trial. 

 A variance occurs when there is a discrepancy between the allegations in the charging
instrument and the proof at trial. "In a variance situation, the State has proven the defendant guilty
of a crime, but has proven its commission in a manner that varies from the allegations in the charging
instrument." Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). Assuming without
deciding that appellant is correct in asserting that (1) the proof presented at trial demonstrates that
the instrument signed and passed by her technically was not a check, and (2) that fact constitutes a
variance, we must determine whether this variance is material. (2) A variance is material when it is
prejudicial to a defendant's substantial rights. See id. at 248. In determining whether a defendant's
substantial rights have been prejudiced, courts generally make two inquiries:


[W]hether the indictment, as written, informed the defendant of the charge against
him sufficiently to allow him to prepare an adequate defense at trial, and whether
prosecution under the deficiently drafted indictment would subject the defendant to
the risk of being prosecuted later for the same crime.



Id. (citing United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000)). (3)

 In Dietz v. State, 62 S.W.3d 335 (Tex. App.--Austin 2001, pet. filed), this Court
analyzed the materiality requirement of variance pursuant to the test set out in Gollihar: whether the
indictment, as written, informed the defendant of the charge against him sufficiently to allow him
to prepare an adequate defense at trial, and whether prosecution under the indictment would subject
the defendant to the risk of being prosecuted later for the same crime. In Dietz, the indictment stated
that the defendant, a bail enforcement agent attempting to apprehend a fugitive at an apartment
complex, intended to induce a police officer and three occupants of the apartment to submit to his
authority by pretending to be a police officer. Id. at 340. However, the evidence at trial showed that
the defendant represented himself as a police officer to only the police officer and one occupant. Id. 
This Court held that there was no variance between the indictment and the evidence because the
State was not required to prove that the defendant misrepresented himself to anyone he intended to
induce to submit to his claimed authority. Id. at 340. We further concluded that if a variance
existed, it was immaterial, reasoning that there was "nothing in the record to indicate that the precise
number of people to whom Dietz impersonated himself as a public servant was crucial to his ability
to conduct his defense to the charged offense." Id. at 341. Also, we found that the defendant faced
no further prosecution "because the indictment on its face constitutes evidence that he was charged
with impersonating a public servant with respect to all four individuals." Id.

 In light of the materiality test set out in Gollihar and its application by this Court in
Dietz, we conclude that even if a variance exists in this case, it is not material. (4) That is, the
indictment informed appellant of the charge against her sufficiently to allow her to prepare an
adequate defense at trial, and the indictment would not subject her to the risk of a later prosecution
for the same crime. See Gollihar, 46 S.W.3d at 258. In determining whether the indictment gave
appellant sufficient notice to prepare a defense, we reiterate that the State was not required to plead
in the indictment that the forged writing was a check or any other specific instrument; an indictment
must include only the essential elements of the offense as presented in the statute. Thomas v. State,
621 S.W.2d 158, 161 (Tex. Crim. App. 1981). The indictment tracks the language of the forgery
statute, and an "indictment or information normally provides sufficient notice if it tracks the
language of the statute." Olurebi v. State, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994). The
indictment in question correctly charged appellant for possession with the intent to pass a forged
"writing," a word that is defined in the forgery statute. (5) If a word is defined in the statute and the
word used in an indictment tracks the statutory language, the word need not be further alleged or
defined in the indictment. Thomas, 621 S.W.2d at 161; State v. Mays, 967 S.W.2d 404, 409 (Tex.
Crim. App. 1998).

 Furthermore, appellant does not attempt to provide any rationale as to why the
description of the forged writing as a "check" adversely affected her ability to present an adequate
defense. Rather, appellant relies on Taylor v. State, 626 S.W.2d 543 (Tex. App.--Texarkana 1981,
pet. ref'd), to illustrate the application of the fatal variance doctrine in a forgery case. At the time
of that decision, forgery could be committed in any one of three ways: by altering or making, by
passing, and by possessing with intent to pass. Id. at 545. There, the indictment specifically charged
the defendant with altering an instrument, but the evidence at trial only established that he had
passed the instrument. Id. The Sixth Court of Appeals stated that the "State could have charged him
with forgery by any or all of the three methods. It chose to select, indict, and try Taylor for forgery
by altering a writing. When the prosecution selects the mode of charging a crime it must prove the
case as alleged." Id.

 We do not find Taylor to be controlling. In Taylor, the defendant clearly was misled
by the indictment so that his defense was prepared solely against the allegation of altering the
instrument in question. Here, the needless description of the writing as a "check" did not impair
appellant's ability to prepare her defense. Appellant admitted to the forgery of a writing that at least
purported to be a check. Appellant does not contend that she would have prepared her defense
differently if she had been charged with forgery of "a check or similar sight order for payment of
money." See Tex. Pen. Code Ann. § 32.21(d) (West 1994). Neither does the description of the
forged writing as a check subject appellant to the risk of being prosecuted later for the same crime. 
Appellant was charged with forging only the instrument that is photocopied in the indictment; it is
the same forged instrument exhibited and proved at trial. We hold the variance was not material,
and overrule appellant's issue accordingly.


Insufficiency of the Evidence

 The Court of Criminal Appeals has previously considered and rejected the notion that
variance claims are somehow distinct from insufficiency of the evidence claims. See Gollihar, 46
S.W.3d at 247. Appellant's challenge to the legal sufficiency of the evidence rests solely on the
variance, and because appellant's pleaded variance is immaterial, our inquiry is ended.


CONCLUSION


 We overrule appellant's issue. Accordingly, the judgment of the trial court is
affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: February 28, 2002

Do Not Publish

1. The pertinent portion of the indictment reads that appellant did "with intent to defraud and
harm another, intentionally and knowingly possess with intent to pass a forged writing . . . ."
2. A determination of materiality is required in the context of a variance-insufficiency claim
primarily because "in a variance situation, unlike a standard insufficiency claim, the State, by all
accounts, has proven that the defendant committed a crime. The only question is whether it has
proven the details as it alleged in the indictment." Gollihar v. State, 46 S.W.3d 243, 248 n.7 (Tex.
Crim. App. 2001). 
3. Past decisions by the Texas Court of Criminal Appeals have offered slightly different
formulations of the materiality requirement. See, e.g., Rojas v. State, 986 S.W.2d 241, 246 (Tex.
Crim. App. 1998) (noting that a "variance between the charging instrument and the proof at trial is
material only if it operated to the defendant's surprise or prejudiced his rights"); Stevens v. State, 891
S.W.2d 649, 650 (Tex. Crim. App. 1995) ("The object of the doctrine of variance between
allegations of an indictment is to avoid surprise, and for such variance to be material it must be such
as to mislead the party to his prejudice."); Plessinger v. State, 536 S.W.2d 380 (Tex. Crim. App.
1976) (holding variance in style of case pleaded for enhancement not material where defendant not
surprised or misled to his prejudice).
4. The type of writing being forged is relevant only to the degree of punishment imposed. The
forgery statute provides that an "offense under this section is a state jail felony if the writing is or
purports to be a will, codicil, deed, deed of trust, mortgage, security instrument, security agreement,
credit card, check or similar sight order for payment of money, contract, release, or other commercial
instrument." Tex. Pen. Code Ann. § 32.21(d) (West 1994). Following trial, appellant was sentenced
to confinement in state jail for a period of two years, with this confinement being suspended and
appellant placed on probation for five years.
5. "[W]riting" includes: printing or any other method of recording information; money, coins,
tokens, stamps, seals, credit cards, badges, and trademarks; and symbols of value, right, privilege,
or identification. Tex. Pen. Code Ann. §32.21(a)(2) (West 1994).