

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00088-CR

**STEPHEN CORY MONK,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 09-02962-CRF-272

## MEMORANDUM OPINION

Following a bench trial, the trial court found Appellant Stephen Monk guilty of forgery of a financial instrument and assessed his punishment at three years' imprisonment. This appeal ensued. In one issue, Monk contends that the evidence is insufficient to support a conviction for forgery as alleged in the indictment.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the

light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert. denied*, 132 S.Ct. 2712 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. 307 at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

As limited by the indictment, a person commits the offense of forgery if, with intent to defraud or harm another, he alters, makes, completes, executes, or authenticates a writing so that it purports to be the act of another who did not authorize

that act.  *See* TEX. PENAL CODE ANN. § 32.21(a)(1)(A), (b) (West 2011).  Citing *Taylor v. State*, 626 S.W.2d 543 (Tex. App.—Texarkana 1981, pet. ref'd), Monk argues that although the evidence is "overwhelming" that he passed the check in question at the bank, there is insufficient evidence that he made the check.  The *Taylor* court held that a conviction for forgery by altering a writing could not be upheld based solely on evidence that the defendant possessed and passed the forged instrument.  *Id.* at 544-45.

*Taylor* is distinguishable.  Unlike in *Taylor*, the evidence that Monk passed the check in question is not the only evidence to support the reasonable inference that he made the check.

The check in question was made payable to "Stephen Monk" in the amount of $327.46.  The memo line contained the handwritten notation "work," and the signature line read "Grady Taylor."  Defense counsel stipulated that Grady Taylor, the purported maker of the check, would testify as follows:  Monk stayed with Taylor several times because of marital problems Monk had with his wife; Monk was at the house a couple of times when Taylor was not there; Taylor had a checking account at First Convenience Bank in Brazos County; Taylor, his father,[1] and Monk were the only ones with access to Taylor's checks; Taylor found out that checks were missing because he came home and noticed that his checks had been "riffled through"; Taylor called the bank about the missing numbers; the bank informed Taylor that a check within the missing check numbers had been cashed to Monk; Taylor notified the Bryan Police Department;

---

[1] The evidence establishes that Monk passed the check on March 12, 2009.  Taylor's father died on August 12, 2010.

Taylor filled out the forgery packet and got a copy of the check from the bank; it is not Taylor's handwriting on the check, and Taylor did not sign the check; Taylor only writes out checks for rent; when he does sign checks, Taylor signs them "Grady E. Taylor," which is different from how the check in question was signed; Taylor never wrote a check to Monk; Monk never did any work for Taylor; and Taylor never gave Monk permission to take a check or sign a name to a check.

Taylor then testified that he lived in the same house with his father and his father and Monk would stay in the house at the same time, but Taylor is positive that the check in question is not in his father's handwriting. His father was not authorized to write checks on Taylor's account. His father had his own checking account separate from Taylor's account, and although his father could get up and go do things, he was predominantly confined to a wheelchair. Taylor also testified that his sister Nicole appears on his account because she is the payee for his Social Security and SSI, but that she does not write checks on his account and does not have access to his checks.

While this evidence does not constitute direct evidence that Monk made the check in question, viewed in the light most favorable to the prosecution, it constitutes circumstantial evidence from which a rational trier of fact could draw a reasonable inference that Monk did in fact make the check in question. *See Hooper*, 214 S.W.3d at 13; *see also Nelson v. State*, 04-00-00413-CR, 2001 WL 576589, at *2-3 (Tex. App.—San Antonio May 30, 2001, pet. ref'd) (not designated for publication) (holding evidence sufficient despite absence of direct evidence that appellant made counterfeit check because there was sufficient circumstantial evidence from which rational jury could

draw reasonable inference that appellant made check).  Thus, the evidence is sufficient

to support Monk's conviction, and we overrule Monk's sole issue.


                                           REX D. DAVIS
                                           Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 18, 2012
Do not publish
[CR25]