# NO. 12-12-00341-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEMETRICK ERWIN*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Demetrick Erwin was indicted for aggravated assault and forgery. The indictment alleged two prior felonies for enhancement. After the presentation of the evidence, the trial court granted a mistrial on its own motion as to the charge of aggravated assault. The jury found Appellant guilty of forgery, and the trial court assessed Appellant's punishment at imprisonment for fifteen years. On appeal, Appellant contends the evidence is legally insufficient to prove forgery, and that he was denied a fair trial by the trial court's granting a mistrial on the aggravated assault charge (Count One of the indictment) and not on the forgery charge (Count Two). Appellant also contends he received ineffective assistance of counsel. The State "concedes Appellant's arguments in his point of error" but requests that Appellant's relief be limited to a new trial. We reverse and render a judgment of acquittal.

## BACKGROUND

On January 12, 2012, Appellant presented a National Vision Center check for $3,600.00 to Ace Cash Express. The check named Appellant as payee. Appellant told the cashier that Erica at telephone number (702) 277-3574 could verify the check. Karianna Nowman, the cashier, called that number, and spoke to Erica, who verified the check. However, when Ace sent the check for payment, National Vision's security system discovered that the check had been altered to show a different date, amount,

and payee. The check's number was valid, but it had originally been made for $50.00 payable to John Sebenthal. Ace reported the forgery to the Lufkin police.

Some two weeks later, on January 25, 2012, Appellant returned to Ace Cash Express to cash his paycheck. Remembering him from the previous transaction, Patti Chapman, the office manager, called the police. Sergeant Rodney Squyres of the Lufkin Police Department responded to the call. Sergeant Squyres spoke with Patti Chapman, who advised him to call Brenda Karst of National Vision. Karst confirmed that the check had not been made out to Appellant nor was the amount supposed to be $3,600.00. Squyres arrested Appellant. Ace did not cash Appellant's paycheck, and the check's authenticity was never determined.

## LEGAL SUFFICIENCY

In his first issue, Appellant argues that the evidence is legally insufficient to support his conviction for forgery. Although the State, in its response, "concedes Appellant's arguments" raised in his issues, it asks that his relief be limited to a new trial. When the evidence is not legally sufficient, the reviewing court must reverse the judgment and order an acquittal. *Winfrey v. State*, 323 S.W.3d 875, 885 (Tex. Crim. App. 2010) (citing *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2151-52, 57 L.Ed.2d 1 (1978)). Because of the somewhat ambiguous nature of the State's response, we will address Appellant's legal insufficiency issue.

### Standard of Review

When conducting a legal sufficiency review, a court must consider all the evidence in the light most favorable to the verdict, and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010).

### Applicable Law

The Texas Penal Code defines forgery, as follows:

> (a) For purposes of this section:
>   (1) "Forge" means:
>     (A) to alter, make, complete, execute, or authenticate any writing so that it purports:
>       (i) to be the act of another who did not authorize that act;
>       (ii) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or

(iii) to be a copy of an original when no such original existed;
(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A); or
(C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B).

TEX. PENAL CODE ANN. § 32.21(a)(1) (West 2011).  A person commits an offense if he forges a writing with intent to defraud or harm another.  *Id*. § 32.21(b) (West 2011).

Intent to defraud or harm another is a necessary element of the offense of forgery.  *Id*.; *Crittenden v. State*, 671 S.W.2d 527, 527 (Tex. Crim. App. 1984).  Intent to defraud or harm may be inferred from proof the defendant knew the instrument was forged.  *Williams v. State*, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985); *Stuebgen v. State*, 547 S.W.2d 29, 32 (Tex. Crim. App. 1977).  Intent to defraud or harm may be established by circumstantial evidence.  *Williams*, 688 S.W.2d at 488.

Merely passing or possessing a forged instrument is not circumstantial evidence that the defendant altered it.  *Taylor v. State*, 626 S.W.2d 543, 545 (Tex. App.–Texarkana 1982, pet. ref'd).  Forging an endorsement on a check so that it may then be negotiated does not make one a "maker" of the check.  *Nuñez v. State*, 940 S.W.2d 710, 713 (Tex. App.–El Paso 1996, no pet.).

**Discussion**

Forgery is committed in any one of three ways:  (1) making or altering, (2) passing, and (3) possessing with intent to pass.  TEX. PENAL CODE ANN. § 32.21(a)(1)(A), (B), (C) (West 2011); *see also Burks v. State*, 693 S.W.2d 932, 935-36 (Tex. Crim. App. 1985).  Appellant's indictment alleged that he committed the offense of forgery by altering, making, completing, executing, or authenticating a writing.  Comparatively few cases appear in the reports in which forgery by making or altering was alleged.  In the preponderance of the cases, the State elected to allege passing a forged instrument, or possession of a forged instrument with intent to pass it.  There are fewer problems of proof, and the punishment is the same.  However, in the instant case, the State elected to charge Appellant with forgery by altering or making or completing or executing a writing.  "Where there are several ways or means by which an offense may be committed set forth in the same statute and those ways or means are subject to the same punishment[,] they may be charged conjunctively in one count."  *Garcia v. State*, 537 S.W.2d 930, 932 (Tex. Crim. App. 1976).  When the state selects a mode of charging a crime, it must prove the mode alleged.  *Taylor*, 626 S.W.2d at 545.

Brenda Karst testified that the check originally had been issued payable to John Sebenthal for

3

$50.00, not to Appellant for $3,600.00. Although her testimony established that the check had been altered, she could not testify that Appellant altered it. All of the State's witnesses, in fact, disclaimed any knowledge that Appellant had altered the check. The record discloses no attempt by the State to secure the testimony of John Sebenthal, the original payee. Sebenthal might have explained how the check came into Appellant's possession.

The check showed Appellant as payee, and he did not falsely represent himself. The State introduced no evidence to show that anything on the check was in Appellant's handwriting. Appellant's passing of a forged instrument is not circumstantial evidence that he made or altered it. *See Taylor*, 626 S.W.2d at 545. Two weeks after cashing the altered check, Appellant returned to Ace Cash Express to cash his much smaller paycheck. There is no showing that this second check was forged.

Although the evidence is perhaps sufficient to establish that Appellant committed the crime of forgery by passing a forged writing, we conclude that the evidence is legally insufficient to support his conviction for forgery by making or altering a writing. Appellant's first issue is sustained.

### MISTRIAL AND INEFFECTIVE ASSISTANCE OF COUNSEL

The State also has conceded Appellant's arguments relating to his remaining issues regarding mistrial and ineffective assistance of counsel. Moreover, because of our determination of Appellant's first issue, we need not address Appellant's remaining issues. *See* TEX. R. APP. P. 47.1.

### DISPOSITION

Having sustained Appellant's first issue, we ***reverse*** the trial court's judgment and ***render*** a judgment of ***acquittal***.

### BILL BASS
Justice

Opinion delivered July 3, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Courts of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 3, 2013**

**NO. 12-12-00341-CR**

**DEMETRICK ERWIN,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 217th Judicial District Court
of Angelina County, Texas. (Tr.Ct.No. 2012-0246)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment of the trial court be **reversed** and a judgment of **acquittal** be, and the same is, hereby *rendered* herein in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J.*
*Twelfth Court of Appeals, sitting by assignment.*